All concurred, except FOOTE, J., who voted for reversal and granting a new trial.

Judgment and order reversed, with costs, and complaint dismissed, with costs.

---

CLIFFORD LEE, Respondent, *v.* RUSSELL M. L. CARSON, Appellant.

Third Department, November 15, 1916.

**Evidence — admissibility of parol evidence to vary terms of written contract.**

Where, upon the cancellation of a contract for the sale of real property, the vendor agreed that if he sold the property for $2,300 or more to 'pay to the former vendee the sum of $76.20, the difference between the rental value of the property and the monthly payments which he had made, and later the vendor and one P. executed a contract for the sale by the former to the latter of said property, the consideration stated

being $2,400, and thereafter the former vendee brought an action to recover the sum specified in his contract, and after making proof thereof and of the conveyance rested his case, the defendant was entitled to show by parol evidence that he gave one F. oral option upon the property for $2,200, F. to have as his profit any sum received over said amount, and that the defendant, in fact, received but $2,200 for the property. This, because the plaintiff was neither a party to the contract sought to be affected by the evidence, nor a privy of either party thereto.

The rule that parol evidence is inadmissible to vary or contradict a written contract applies to controversies between parties to the instrument.

APPEAL by the defendant, Russell M. L. Carson, from an order and judgment of the County Court of Warren county, entered in the office of the clerk of said county on the 27th day of July, 1916, reversing a judgment of the Glens Falls City Court in defendant's favor.

*Daniel F. Imrie,* for the appellant.

*A. C. Taylor,* for the respondent.

LYON, J.:

Upon the cancellation of a contract for the sale by the defendant to the plaintiff of certain real property situated in Glens Falls, N. Y., the parties executed the following agreement:

"*November* 12, 1914.

" This is to certify that Clifford Lee is released from all past and future payments, indebtedness or claim on property, 11 Sheridan street, Glens Falls, N. Y., and I agree to accept same as my personal property, Clifford Lee giving up all claims to said property. If I sell the property for $2,300, or more I agree to pay to Clifford Lee the sum of $76.20 the difference between the rental value of the property and the monthly payments which he has made.

"RUSSELL M. L. CARSON."

The following April the defendant and one Harland Page executed a contract for the sale by the former to the latter of said real property, the consideration stated in the contract being $2,400. Subsequently at the request of said Page the

defendant conveyed said property to the mother of said Page who furnished the purchase money. Thereafter this action was brought in the City Court of Glens Falls to recover the sum of $76.20 specified in the foregoing agreement.

Upon making proof of said contract and of said conveyance the plaintiff rested her case. The defendant was then permitted to show, under the objection and exception of the plaintiff to a portion of the testimony, that the defendant gave one Fuller an oral option upon the property for $2,200, Fuller to have as his profit whatever he might sell the property for over and above that sum; that Fuller sold the property to Page at an advance of $200, of which Fuller had the sole benefit, the first payment of $350, made at the time of executing the contract, being made by Page to Fuller; and that Page understood that he was buying the property from Fuller. The defendant testified that he in fact received but $2,200 for the property; that he sold to Fuller, and at the request of Fuller made the contract direct with Page. The City Court evidently being convinced that the oral contract between the defendant and Fuller was made in good faith, and treating the sale as in effect made to Fuller, rendered judgment in favor of the defendant. Upon appeal the County Court reversed the judgment and granted a new trial upon the ground that the City Court erred in receiving such proof of the oral contract between the defendant and Fuller.

In this we think the County Court was in error. It would hardly be contended that had the defendant for the purpose of avoiding any claim of liability to the plaintiff under the agreement of November twelfth caused the consideration in the Page contract to be stated at less than $2,300, when in fact it was $2,300 or more, testimony showing the exact consideration would not have been admissible. The ground for holding the testimony as to the oral contract inadmissible does not specifically appear. The rule that parol proof is inadmissible to vary or contradict a written contract applies to controversies between parties to the instrument. The plaintiff was neither a party to the contract nor a privy of either party thereto, and that rule was not applicable to the trial of this action. (*Folinsbee* v. *Sawyer*, 157 N. Y. 196, 199.) It is a matter of frequent

experience that contracts and conveyances are made by the owner direct to the purchaser from the contractee, thus avoiding the necessity for the preparation and execution of more than one instrument. The appellant claims that the option given Fuller was one to sell, not one to purchase, and hence that Fuller must be regarded as defendant's agent in making the sale, and defendant as having sold the property for $2,400, out of which the defendant paid Fuller $200 commissions. The City Court evidently treated the question as to what the defendant sold the property for, and whether the oral agreement between the defendant and Fuller was made in good faith or made for the purpose of avoiding the liability of the defendant to the plaintiff under the agreement of November twelfth, as one of fact with the burden of proof upon the plaintiff. The County Court had authority to affirm, modify or reverse the judgment of the City Court, but not authority to order a new trial except where the judgment was contrary to or against the weight of evidence. (Code Civ. Proc. § 3063; Charter of the City of Glens Falls [Laws of 1908, chap. 29], § 126.) That court evidently considered the decision of the City Court, with the evidence as to the oral agreement excluded, as against the weight of evidence and hence ordered a new trial. Had the County Court considered the evidence admissible, it would probably have reached a different conclusion.

The order and judgment of the County Court should be reversed and the judgment of the City Court affirmed, with costs in the County Court and in this court to the defendant.

All concurred.

Order and judgment of the County Court reversed and judgment of the City Court affirmed, with costs in the County Court and in this court to the defendant.