GRISWOLD REALTY AND HOLDING CORPORATION, Plaintiff, *v.* WEST END AVENUE AND SEVENTY-FIFTH STREET CORPORATION, Defendant.

Supreme Court, New York Special Term, May 2, 1925.

Deeds — restrictive covenants — action to restrain erection of apartment hotel as violation of restrictive covenant in deed prohibiting erection of any apartment house or place for transaction of trade or business noxious to neighborhood — plans for contemplated building indicate proposed structure will contain small suites with usual hotel apartments and without kitchens or kitchenettes — clause in deed construed as not prohibiting erection of apartment hotel — construction should not be extended to enlarge term " apartment house " to include apartment hotels.

A clause in a deed drawn in 1887, which prohibits the erection of any tenement, flat or apartment house or any place for the carrying on of any trade or business which will be noxious or dangerous to the neighborhood, will be construed as not prohibiting the erection of an apartment hotel on the premises covered by the restrictions in said deed, where the proposed plans contemplate the erection of a structure fifteen stories in height, with small suites, none larger than three rooms, with localized hotel management, and without kitchens and kitchenettes, since the proposed building is akin to a hotel rather than to an apartment house, and is foreign to what the grantor had in mind when prohibiting the erection of " tenements, flats and apartment houses."

The fact that the owner of the proposed apartments may rent small suites for somewhat lengthy periods, in addition to providing for possible transients, does not convert the premises into an apartment house, as such, and plaintiff's complaint in the action to enjoin the erection of the said building as being in violation of the restrictive covenant in the aforesaid deed, should be dismissed upon the merits.

Moreover, to enlarge the term " apartment house " so as to include apartment hotels, would violate the general rule of construction requiring a covenant in a deed to be construed strictly against the party drawing it, as well as extending the interpretation of a covenant by implication.

ACTION to enjoin violation of restrictive covenant.

· *Pfeiffer & Crames* [*Alexander Pfeiffer* of counsel], for the plaintiff.

*Harold Swain,* for the defendant.

LEVY, J.:

The restrictive covenant, the alleged violation of which plaintiff seeks to enjoin, after reciting the usual list of offensive establishments which are not permitted, further prohibits the erection of any " tenement, flat or apartment house or any place for the carrying on of any trade or business which may be noxious or dangerous to the neighborhood." The defendant has filed plans for the erection of an apartment hotel at West End avenue at Seventy-fifth street, between this avenue and Riverside Drive, part of which is on a lot covered by the above restrictions. These plans show a building of fifteen stories with suites of one, two and three rooms and baths, without kitchens or kitchenettes, and with the usual hotel appointments. The plaintiff contends that the structure proposed comes within the connotation of the term " apartment house " as employed in the said covenant, while the defendant urges that it is a mere hotel.

The covenant in question was drawn in 1887, at a time when the term " apartment hotel " was doubtless unknown, and the scope of the restriction as to its inclusion or non-inclusion of the type of building planned must be gathered, not from isolated words, but from the entire context and the surrounding circumstances which the original grantor and grantee are presumed to have considered when their minds met. (*Kitching* v. *Brown,* 180 N. Y. 414.) Read in this light the covenant shows no intention to dedicate the property to strictly private dwelling purposes, because it permits business which is not " noxious or dangerous to the neighborhood." It cannot be said that it prohibits the erection of a hotel. The apparent purpose of the original grantor was to bar buildings which were intended for many families, each doing its own housekeeping, with all the attendant noise and confusion objectionable to the grantor, which such an arrangement invites; possibilities of large families with many children swarming on the block, separate housekeeping involving many kitchens and deliveries by numerous tradesmen, elements of garbage disposal, and other factors which a centralized system of control in a hotel with a unified management eliminates.

The very arrangement of the rooms in small suites, none larger than three rooms, the absence of kitchens and kitchenettes, and the localized hotel management, all point to a situation different from what the grantor had in mind when he prohibited the erection

of " tenements, flats and apartment houses." An apartment hotel like the one here proposed is akin to a hotel and not to an apartment house. It certainly is not the kind of structure the maintenance of which brings in its train consequences in the way of nuisances or disturbances, against which the restrictive provisions aimed to guard in the future.

The fact that apartment hotels may rent small suites for somewhat lengthy periods, in addition to providing for possible transient accommodations, does not convert them into apartment houses as such, especially as many of our regular hotels furnish similar facilities for permanent guests. To enlarge the term " apartment house " to include apartment hotels is to violate the general rule of construction which, in case of doubt, requires a covenant to be construed most strictly against the one who drew it. Such an interpretation would also be in face of the rule that restrictive covenants are not to be extended by implication and are to be construed most strictly against the grantor. (*Schoonmaker* v. *Heckscher*, 171 App. Div. 148; affd., 218 N. Y. 722.) The defendant is, therefore, entitled to judgment dismissing the plaintiff's complaint upon the merits.

Proposed findings and conclusions passed upon. Let the succesful party submit proper findings of fact and conclusions of law embodying those allowed by the court, together with a decree in conformity therewith, within three days.