ROCHESTER YACHT CLUB COMPANY, Plaintiff, *v.* ROCHESTER BOAT WORKS, INC., and Others, Defendants.

Supreme Court, Monroe County, December 7, 1925.

Deeds — restrictive covenant — real estate corporation divided tract into lots and placed building restrictions in first three deeds — deeds thereafter, with one exception, excepted certain lots from restrictions — defendant boat company purchased lots in unrestricted area — plaintiff then acquired one lot, deed to which restricted entire area — plaintiff had knowledge of change in policy as to restrictions — plaintiff cannot restrain construction of manufacturing plant on unrestricted lots — plaintiff may sue real estate corporation on covenant and restrain it from removing restrictions from any other lots except those first excepted from restrictions.

The plaintiff, which owned premises on the Genesee river adjoining a tract of land owned by a real estate corporation, cannot restrain the erection and maintenance of a manufacturing plant on ground sold by the real estate corporation, for it

appears that while the real estate corporation, when it first divided the tract into lots, decided to restrict the lots to residential purposes and placed that restriction in the first three deeds, it thereafter changed its policy and in all deeds given after such change, with the exception of one deed, certain lots were excepted from the restrictive covenant; that the defendant boat company purchased lots that were not within the restrictive covenant and proceeded to erect a plant; that thereafter the plaintiff procured a lot, the deed of which from the real estate corporation contained a restriction applicable to the entire area; that the plaintiff bases its right to an injunction on that deed; and that the plaintiff, at the time it purchased said lot, not only knew of the change of policy, but also was the owner of other lots, the deeds to which excepted the lots on which the boat company's plant was erected.

The plaintiff may sue on the covenant contained in its deed and compel the original covenantor not to sell any other lots without a similar restriction, except lots first excepted from the restrictive covenants.

ACTION to restrain the defendants from erecting or maintaining buildings to be used for commercial purposes in violation of restrictive covenants contained in the deed of premises owned by the plaintiff.

*George V. Fleckenstein* [*Eugene Van Voorhis* of counsel], for the plaintiff.

*Macomber & Skivington,* for the defendant Rochester Boat Works, Inc., and William J. Gucker.

*Remington & Remington,* for the defendant Summerville Terraces, Inc.

CUNNINGHAM, J. The plaintiff is the owner of premises occupied by the Rochester Yacht Club fronting on the Genesee river on which there have been constructed a club house, a harbor for yachts and works for the care of boats of its members.

The defendant Summerville Terraces, Inc., the owner of a tract of land adjoining plaintiff's property, on May 1, 1922, divided it into lots and thereafter offered the same for sale. In the first three deeds of lots in its tract, given by this defendant, there were covenants applying to all lands in the tract restricting the lots to use for residential purposes only and imposing other restrictions as to the cost, character and location of the buildings. In the next six deeds given it was set forth that the restriction should not " apply to lots 148 to 170 inclusive or to the parcel designated as A." In the next deed given the restrictive covenants were applied to all lots in the tract without exception. Thereafter, in about sixty deeds, parcel A and lots 148 to 170, inclusive, were excepted from the restrictive covenants.

The main portion of plaintiff's premises was acquired before the Summerville Terraces tract was laid out. However, the

plaintiff is the owner of a portion of parcel A and lot 103 of that tract, purchased from that company. The portion of parcel A was acquired by the plaintiff on November 5, 1924, and the deed contained no restrictive covenants.

The defendant Rochester Boat Works is engaged in the construction and sale of boats, its plant having been located on a portion of plaintiff's property under a lease made with the plaintiff. Previous to the 7th day of February, 1925, plaintiff notified the boat works to vacate the leased premises on or before May 1, 1925. The defendant Gucker, acting on behalf of the boat works, on the 7th day of February, 1925, entered into a contract with the Summerville Terraces for the purchase of the portion of parcel A not conveyed to plaintiff, and also lots 158 to 170, inclusive, it being understood by both parties that the same were to be used for the purpose of manufacturing and selling boats. A question having arisen as to whether the lands contracted for were restricted to residential purposes, the officers of the Summerville Terraces then negotiated with the owners of the four parcels of land previously conveyed, the deeds to which contained restrictions applying to all of the lands in the tract. They obtained from three of such owners a release from such restrictions in so far as they applied to parcel A and to lots 148 to 170, inclusive. Lot 103 had been conveyed by plaintiff on May 8, 1922, to Carl Popp and Mary Popp, and the restrictions in the deed applied to all lands in the tract. When the officers of the Summerville Terraces were negotiating with the Popps, the plaintiff purchased said lot 103 from them, the deed of conveyance being dated April 21, 1925.

The plaintiff bases its right to maintain this action upon the restrictions contained in the deed from the Summerville Terraces to Carl Popp and Mary Popp, and upon the same restrictions continued in the deed from the Popps to the plaintiff.

The Summerville Terraces evidently adopted a building scheme restricting its lands to use for residential purposes and making other restrictions as to the cost, character and location of buildings. In the first three deeds given this scheme was applied to all of the lands contained in the tract owned by the company. The company then decided to change its plan so as to permit lots 148 to 170, inclusive, and parcel A to be used for commercial purposes, and all its later deeds contained this exception save one. It is apparent that in this one later deed the restrictions were made to apply to all the lots through inadvertence and error. This modified scheme is the one that was thereafter carried into effect.

The plaintiff, through its dealings with the Summerville Terraces, and through the search and examination of the titles that it made,

undoubtedly knew of this change of plan before it purchased lot 103. In any event, it had knowledge of sufficient facts with reference to the plan to leave this portion of the tract subject to use for commercial purposes to put it upon inquiry and to make it chargeable with notice thereof. (*Belle Ayre Conservation Co.* v. *State of New York*, 214 App. Div. 127.)

The defendants Gucker and Rochester Boat Works are in possession of the premises in question under a contract of sale and have erected a plant thereon, and the question, therefore, arises whether these defendants may be restrained from maintaining such boat works on the property so contracted for. They are the equitable owners of those lands. (*Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1, 9.)

The plaintiff may not rely upon a general building scheme as the basis of its action, for it is the only one in a position to claim the right to enforce the restrictive covenants as applied to the lots which the boat works occupy. With respect to these lots there are no restrictions which are binding upon all or even a considerable portion of the owners of the lots in the tract, and there are no reciprocal obligations among the lot owners to respect the respective covenants. The plaintiff while in possession of an unrestricted portion of the tract is seeking to exact the benefits of such restrictions from the owner of another parcel of land in the tract. Both acquired their lands from the same grantor, the deeds to both were made and delivered after the change in the building plan and both had knowledge of the modified scheme. If the boat works may not require the plaintiff to fulfill the covenants in its occupancy of the part of parcel A purchased from the Summerville Terraces, why should the plaintiff be permitted to make the boat works carry out the covenants in its use of lands acquired from the same grantor?

The plaintiff is chargeable with notice, at the time it purchased lot 103, that the plan of the Summerville Terraces had been changed so as to permit the use for commercial purposes of the property contracted for by Gucker. Furthermore, it purchased and is in possession of a parcel of land, a portion of the Summerville Terraces tract, taking a deed thereto which does not contain restrictive covenants. Therefore, it is not in a position to compel the observance of such covenants by another owner deriving title from the land company. (*Davidson* v. *Dunham*, 159 App. Div. 207.)

The defendants Gucker and Rochester Boat Works have rights in this property which will be protected and none of the defendants will be enjoined from permitting the lands mentioned in the contract of sale to be used for commercial purposes.

However, a different question arises as to lands in the Summerville Terraces tract still owned by the corporation. There is in its deed to the Popps a covenant duly made by the Summerville Terraces that none of the lands in the tract shall be devoted to commercial purposes and that it will place such restriction in all deeds. This covenant may be enforced against the original covenantor, if equitable rights of others which may be affected have not intervened. (*Smith* v. *Graham*, 161 App. Div. 803; affd., 217 N. Y. 655.)

The obligation to perform this covenant arises not from any general scheme of restrictions but from an express agreement contained in a deed made and executed by the corporation. The fact that the plaintiff, at the time of the purchase of lot 103, knew of the change of plan does not bar it from insisting that the Summerville Terraces comply with the covenant. (*Callanan* v. *Keenan*, 224 N. Y. 503.)

The covenant of the Summerville Terraces was made not only with the Popps but with their assigns and plaintiff, by virtue of its deed from the Popps, has the right to proceed against that corporation upon the covenant. Plaintiff's equities are superior to those of the corporation which is seeking to break a covenant duly made by it.

The complaint is dismissed as to the defendants William J. Gucker and the Rochester Boat Works, Inc., without costs. The defendant Summerville Terraces, Inc., is enjoined from hereafter selling or conveying, or agreeing to sell or convey, any lots or parcels of land in the tract shown upon the map filed by it without causing to be inserted in such deeds or agreements the restrictions contained in the deed made to plaintiff's grantor applicable to all the lots in its tract except parcel A and lots 158 to 170, inclusive, with costs to the plaintiff.