JOSEPH BESCH, Plaintiff, *v.* SAMUEL HYMAN, Defendant.

Third Department, July 1, 1927.

Vendor and purchaser — action by vendor for specific performance — building restrictions applicable to plotted part of entire parcel not applicable to unplotted part — title is good — specific performance decreed.

This is an action by the vendor to compel the specific performance of a land contract and is defended on the ground that the property is subject to certain building restrictions. It appears that a part of the whole tract was subdivided

and plotted and that lots were sold from this part which were subject to certain building restrictions. The part of said parcel here in question was never subdivided or plotted, and the restrictions applicable to the other part are not applicable to the land in question in this action, and, therefore, the plaintiff is entitled to specific performance of the land contract.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Joseph Besch, Jr.,* for the plaintiff.

*Robert C. Poskanzer,* for the defendant.

*Joseph C. Gallup* [*Daniel H. Prior* of counsel], filed brief in behalf of Joseph Brown.

MCCANN, J. This is an action brought by the plaintiff to compel specific performance by the defendant of a contract for the purchase and sale of certain real property in the city of Albany, N. Y. The plaintiff is the owner of the property and the defendant is the vendee. The latter has refused to complete the contract on the ground that the plaintiff cannot convey the premises free and clear of restrictions as provided in the contract.

In 1913 the plaintiff became the owner of a large tract of land in the city of Albany which he caused to be surveyed and a map thereof filed in the Albany county clerk's office. On this map approximately two-thirds of the property was subdivided into building lots of approximately equal dimensions which lots were numbered and since that time the plaintiff has sold all but five of these lots as shown on the map. The map is labeled, " Property belonging to Joseph Besch, Albany, N. Y. Sept. 1913." The lots which were so plotted on said map all face on two streets, Besch· avenue and Delaware avenue. Behind the lots so plotted and not fronting on any street, so far as shown by that map, is an undeveloped area comprising approximately one-third of all the lands there owned by the plaintiff. There is no marking on this part, no dimensions given and it is unnumbered except that such tract is designated as " Parcel No. 2." In pursuance of his development scheme the plaintiff inserted in each conveyance of a lot certain restrictions of which the following is an example: " That said premises shall not be used for any business or manufacturing purposes nor for the sale of intoxicating liquors nor for any nuisance or noxious use; that no building other than a dwelling house with the usual out-buildings shall be erected on the above-described premises, such house to cost not less than $4,000; that no building or any portion thereof shall be erected within twenty-seven (27) feet from the street line of said Delaware avenue [' Delaware avenue ' was ' Besch avenue ' in conveyances of lots on the latter

street] except an open porch or stoop thereto, which however shall not be erected within eighteen (18) feet six (6) inches from the street line of Delaware avenue, and also except a baywindow thereto which, however, shall not be erected within twenty-four (24) feet six (6) inches from the street line of Delaware avenue; that no flat roof dwelling shall be erected on said lot; that no terrace in front of a house erected on said lot shall be made or maintained more than eighteen (18) inches higher than the westerly line of the sidewalk on said street directly in front of said premises above described. The said parties further agree that all earth removed from the above-described premises not needed for the grading thereof shall be placed upon premises owned by Joseph Besch at some place to be designated by Joseph Besch. These restrictions are hereby made to be continuing ones for the benefit of the property hereby conveyed and that adjacent thereto and are to be construed as covenants running with the land, and, in case of the breach of said restrictions or either of them, the said Joseph Besch or his heirs, executors, administrators or assigns may restrain any such breach by injunction or other legal remedy."

It is the contention of the defendant herein that the plaintiff has thus put into effect a general building scheme and that these restrictions inure to the benefit of all the plaintiff's grantees and consequently that this "parcel No. 2" is bound by the restrictions. The plaintiff admits a general building scheme but claims that "parcel No. 2" is not included therein and that the plaintiff can convey it free of such restrictions.

A building scheme is defined in *Korn* v. *Campbell* (192 N. Y. 490) as one "under which an owner of a large plot or tract of land divides it into building lots to be sold to different purchasers for separate occupancy, by deeds which contain uniform covenants restricting the use which the several grantees may make of their premises." In such cases a covenant is enforcible by any grantee as against any other upon the theory that there is a mutuality of covenant and consideration which binds each and gives to each the appropriate remedy.

It seems to us doubtful if "parcel No. 2" was ever intended by the plaintiff or understood by the purchasers of the other lots to be included in this building scheme. It certainly was not "divided into building lots." The "building scheme," so called, cannot be construed to cover parcel No. 2. The plaintiff had a map made of his entire property at that place and naturally this tract would show on such map even though not intended to be included in a building scheme. It does not front upon any street so that some of the restrictions would not apply and it would not be favorable for

residential building.    It is not marked off in any way and there is nothing to indicate that it was to be a restricted area.

" When considered in connection with surrounding circumstances, ' the language used is reasonably capable of two constructions, the one that limits rather than the one that extends the restriction should be adopted, for the reason that the law will always favor the free and unrestricted use of property, and, therefore, all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions.' (*Schoonmaker* v. *Heckscher*, 171 App. Div. 151; affd., 218 N. Y. 722.) " (*McLean* v. *Woolworth Co.*, 204 App. Div. 118; affd., 236 N. Y. 612.)

The plaintiff should have judgment for specific performance, without costs (costs having been waived on the submission of this case).

COCHRANE, P. J., HINMAN and WHITMYER, JJ., concur; DAVIS, J., concurs in result.

Judgment directed in favor of the plaintiff for specific performance, without costs.