LIBERTY BANK OF BUFFALO, as Trustee of MAUDE G. KLINCK and Others, Plaintiff, *v.* HIGH PARK DEVELOPMENT COMPANY, INC., and Others, Defendants.*

Supreme Court, Erie County, February 20, 1929.

---

* Affd., 227 App. Div. 647.

*Morey & Schlenker* [*Edward C. Schlenker* and *A. C. Minahan,* of counsel], for the plaintiff.

*Schohl & Kinkel* [*Edward G. Kinkel* of counsel], for the defendants Beatrice S. Greeno, High Park Development Company and others.

*Charles A. Hahl* [*R. C. Voght* of counsel], for the defendant Jeanette R. Straley.

*Albert F. Geyer,* for the defendant Mildred Chassin.

*Philip Halpern,* for the defendant Anna Gross.

NORTON, J. This action is brought in equity by plaintiff to procure a judgment revoking, barring and declaring ineffective certain restrictions as to the character, cost, location and use of the buildings that may be erected and maintained on certain lands that plaintiff acquired by a deed and under two other mesne conveyances, all of which contained the specific reservations which plaintiff seeks to revoke, bar and make ineffective.

The stipulations of the parties and maps and records in evidence establish that in the fore part of 1914 one Ceriac Lutz owned twenty-eight acres of land on the south side of Main street and abutting thereon, and a short distance east of the Buffalo city line; that about August, 1914, the tract was laid out into sixty building lots, with a street, called High Park boulevard, dividing such lots and extending from Main street south through the tract; that a map thereof was made by Ellsworth Brothers, dated August 5, 1914, which map was filed in the Erie county clerk's office August 11, 1915; that a deed dated September 26, 1914, recorded October 2, 1914, executed by Lutz, conveyed one of the lots bounding on Main street and the proposed boulevard to Frederick Wolters, in which deed the restrictions in question herein originated, and which deed describes the lot by reference to said map; that by deed dated August 11, 1915, recorded August 24, 1915, Lutz conveyed all the remainder of said twenty-eight-acre tract by metes and bounds, but without reference to said map, except in referring to said proposed boulevard, such deed containing no restrictions, the grantee in such deed being the defendant High Park Development Company;

that through mesne conveyances, each of which contained the restrictions in question, from Wolters, plaintiff holds title to said lot; that the several defendants, other than the defendant High Park Development Company, have each received title to a lot or lots in said tract by conveyance from said defendant High Park Development Company, each of which conveyances contained restrictions of the same general tenor and purport as those contained in the Wolters deed.

Upon the trial defendants offered parol evidence to show that Wolters was not the actual grantee in the Wolters deed, and that the actual purchaser of the lot procured the deed to be made to Wolters in his stead, and that he, the actual purchaser, was informed at the time of the purchase of the plan to subject all of the lots in the tract to such restrictions for the mutual benefit of all, and that he effected such purchase subject to, and benefited by, such restrictions. Such evidence was objected to by plaintiff as tending to vary and modify the deed by parol evidence and, therefore, incompetent. Ruling thereon was reserved. The objection is sound and well taken, and is sustained. The testimony of the witnesses Burkhart, Lutz, Wolters and Johnson, so far as it relates to or tends to vary, modify or change the Wolters deed, its terms, provisions or parties, is stricken out. An exception is granted to each of the defendants appearing on the trial to such ruling.

Upon the trial defendants also offered parol evidence to show the circumstances surrounding the execution of the Lutz deed of the balance of the twenty-eight acres and the setting up of the restrictions contained in the several grants of the several lots involved in this action; timely objection to such evidence was made by plaintiff, upon the grounds that such evidence was incompetent as tending to vary or modify the provisions of the Lutz deed of the tract, and that defendants holding title to their lots under that deed are estopped from claiming that Lutz did not, by omitting therefrom such or similar restrictions as those set out in the Wolters deed, abandon the general plan or scheme of · restrictions that he had formed to apply to plaintiff's and all other lots in said tract.

Ruling on such objection was reserved. In support of such objection, plaintiff relies on *Tuscarora Club of Millbrook* v. *Brown* (215 N. Y. 543). In that case one Sarah Brown deeded premises to the plaintiff's grantor, reserving in the deed the right to the defendant, a stranger to the record, to fish on the property granted. To sustain his rights under such deed, defendant offered to prove that he was in fact the real grantor and was not a stranger to the deed. The court (*supra*, 546) says: " The plaintiff insists that such proof on the part of the defendant was wholly inadmissible, and

that the defendant was estopped from showing a state of facts different from that which the deeds as recorded disclosed. I think the contention of the plaintiff in that respect must prevail."

And (*supra*, 547) the court further says: "The defendant could not prove that his mother had no title to the land and that he, the defendant, was the real grantor, and that, therefore, the exception or reservation was to a party, and not to a stranger, to the conveyance. The defendant could not thus defeat the legal purport of the conveyances with reference to the reservation and exception any more than he could defeat the conveyances altogether by showing that his mother had no title. * * * The defendant did not attempt to establish his right in any other way than by showing that the facts were different from what the record reveals. That was not permissible."

That case, however, differs from the instant case, in that the parol evidence by which the defendant sought to vary and modify the deed therein in question was offered against and objected to by a party who, by a mesne conveyance, took and held title directly under and through such deed.

In the present case the evidence is offered by those who, by the record, through mesne conveyances, take and hold title under and through the deed to be affected by such evidence, and, what constitutes a vital difference, the plaintiff, who is objecting to such evidence, is not a party to, and does not take nor hold title under or through, the deed in question.

Parol evidence to vary the terms of a deed or written instrument may be received as against a stranger to the deed or instrument. (*Coleman* v. *First Nat. Bank of Elmira*, 53 N. Y. 388; *Folinsbee* v. *Sawyer*, 157 id. 196; *Lee* v. *Carson*, 175 App. Div. 104; *American Ice Co.* v. *Meckel*, 109 id. 93, 96.)

The objection that such evidence violates the parol evidence rule is not available to the plaintiff. Plaintiff's objection thereto is overruled, and it is received, to which ruling plaintiff's exception is noted.

The evidence in the case establishes that Ceriac Lutz, then the owner of the whole twenty-eight-acre tract early in 1914, entered into a valid contract, in writing, with Burkhart, Fox and Penman, to sell to them the whole tract; that shortly thereafter such purchasers procured the whole tract to be divided into lots, and a street to be laid out through the tract, and a map of the tract, showing such street and lots, to be made, by Ellsworth Brothers, which map was dated August 5, 1914, and is the map referred to in the plaintiff's deed; such purchasers also formed and adopted a plan of uniform restrictions as to the character, use, cost and location, with reference to the abutting streets, of the buildings to be erected on each of the

lots into which such tract had been so divided; said purchasers also caused to be erected and maintained directly across such newly laid out street, from the plaintiff's lot in question herein, an advertising sign, which in substance stated that the entire tract therein designated as " High Park," and which, when such sign was erected, then included the plaintiff's lot, was offered for sale for residential purposes, under strict restrictions; that thereafter, and on September 26, 1914, said purchasers, having contracted to sell the lot in question to Wolters and the title to said tract still standing in Lutz's name, procured said Lutz, in partial performance of their said contract with him, to convey such lot directly to Wolters, by a deed which contained the restrictions adopted as aforesaid (which are the restrictions plaintiff herein seeks to remove), and which deed designated said lot as " Subdivision Lot No. Two, as shown on a certain subdivision map made by Ellsworth Brothers, dated August 5, 1914; " that in July, 1915, said purchasers, Burkhart, Fox and Penman, caused the High Park Development Company to be incorporated, and assigned to such corporation their said contract for the purchase of said tract of twenty-eight acres; that on August 11, 1915, said corporation on the part of the purchasers performed the contract, and Lutz performed on his part by executing and delivering to said corporation a deed of the whole tract, describing it by metes and bounds, and excepting the plaintiff's lot. Such deed contained no restrictions nor reference thereto; that the aforesaid map of such tract, it being the same map referred to in the Wolters deed dated August 5, 1914, was by such corporation caused to be filed in the Erie county clerk's office August 11, 1915; that thereafter such corporation sold and conveyed all but four or five of the remaining lots in such tract, subjecting each lot so sold to restrictions of similar purport to those in question herein.

The evidence establishing such facts may be considered not only as to how and by whom the plan to develop and restrict the property was made, but also as to the intention as to whom the restrictions were to benefit and to whom they were to apply. The court says, in the case of *Booth* v. *Knipe* (225 N. Y. 390, at p. 396): " The intention [as to whether the restrictive covenant is for the benefit of successive lot owners] is to be gathered, not merely from the language of the deed, but from all the surrounding circumstances. Enough is shown here to justify the conclusion as an inference of fact that the scheme embraced the tract, and that all who might thereafter buy were within the range of the intended benefit."

Plaintiff's contention that defendants are estopped by the record, viz., the said deed from Lutz to the High Park Development Corporation, grantor of the twenty-eight acres, and may not be per-

mitted to question that deed nor to extend or vary its terms, is subject to the same answer that its objection to the admissibility of parol evidence to vary the terms of said deed is, namely, the plaintiff is neither a party nor privy to that deed, and, therefore, it may not invoke the principle of estoppel to prevent the defendants, who as to the High Park Development Company is a party to the deed, and as to all the other defendants are privies thereto, from claiming and proving by evidence extrinsic the Lutz deed of the balance of the twenty-eight-acre tract; that the plan to restrict plaintiff's and all other lots in the twenty-eight-acre tract was not abandoned, and that they are entitled to the benefit of the restrictions, with which plaintiff's lot is charged by the deeds thereof under which plaintiff holds title thereto.

Estoppel by deed or by record is operative only to the parties to the deed or record and their privies; strangers to the deed or record are not bound by, nor can they invoke, the estoppel. (*Finnegan* v. *McGuffog*, 203 N. Y. 342, 350; *Moore* v. *Williams*, 115 id. 586; *Tyson* v. *Post*, 108 id. 217; *Pope* v. *O'Hara*, 48 id. 446; *Walrath* v. *Redfield*, 18 id. 457; Pom. Eq. Juris. § 689; 21 Corpus Juris, 1103–1107.)

As said in *Walrath* v. *Redfield* (*supra*, 460): " Estoppels must be mutual; and none can avail themselves of them except parties or privies."

It is true that the law will always favor the free and unrestricted use of land, and, therefore, all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions. (*Besch* v. *Hyman*, 221 App. Div. 455; *Clark* v. *Jammes*, 87 Hun, 215.) And that a restrictive covenant is not to be extended by implication and is to be construed most strictly against the grantor. (*Griswold Realty & Holding Corp.* v. *West End Avenue & Seventy-fifth St. Corp.*, 125 Misc. 30; *Private A. S. Realty Corp.* v. *Julian*, 214 App. Div. 628; *Reformed Protestant Dutch Church, Garden St., in City of New York* v. *Madison Ave. Bldg. Co.*, 214 N. Y. 268.)

But plaintiff has brought this action in equity. It is asking the court to exercise its equitable powers to relieve plaintiff from restrictions that in equity it is and should be bound by. It is basing its prayer for such relief, not upon the equities of the case, but upon a record, a deed, that does not disclose the circumstances, and seeks, by limiting the court to consideration of the record only, to obtain the judgment of the court that such restrictions, valid and enforcible in their inception, be removed.

The Court of Appeals has recently said: " The fact that the remedy is exclusively in equity does not compel the court to do inequity. Equity does not aid doubtful rights." (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22, 31.)

The plaintiff's testator and his immediate predecessor in title, at the time of the purchase respectively by them of the lot in question, must be charged with knowledge of the physical surroundings of the lot; the stone piers or columns at the street intersection of Main street, one of which must have stood at or near the corner of the lot he was buying; the sign across the street from the lot advertising that the lots in the tract were subject to restrictions; the character, appearance and location of such buildings as they then appeared on the lots in the tract, particularly as to whether they were of the character and located so as to comply with the restrictions in the deed he was accepting of the lot in question. (*Tallmadge* v. *East River Bank*, 26 N. Y. 105.)

Those facts are sufficient, when coupled with the definite restrictions contained in their deeds, to put them upon inquiry and charge them with notice of defendants' rights. (*Rochester Yacht Club Co.* v. *Rochester Boat Works*, 126 Misc. 309–312.)

Restrictive covenants will be enforced against a grantee who took title with knowledge of their existence, even though the covenants were not contained in the deed. (*Rubel Bros., Inc.,* v. *Dumont Coal & Ice Co.*, 200 App. Div. 135; *Bimson* v. *Bullman*, 3 id. 198; *Turner* v. *Howard*, 10 id. 555.)

The Court of Appeals has recently held in *Vogeler* v. *Alwyn Imp. Corporation* (247 N. Y. 131) that restrictions of the use of lands for the benefit of a stranger to the conveyance in which the restrictions are contained are valid, and may be enforced by such stranger. The court (at p. 135) definitely holds that the rule stated in the case of *Tuscarora Club of Millbrook* v. *Brown* (*supra*), that a reservation or exception in a deed is ineffectual to convey any interest to a stranger to the conveyance, does not apply to a restriction of the use contained in a deed for the benefit of a stranger thereto.

Selling and conveying lots upon the assurance, although verbal, that a uniform plan would be observed on the sale of the remaining property, binds the grantor in equity and good conscience to so use and dispose of the remaining lots that the assurance on which the first lots were sold should be kept or fulfilled. This equity attaches to the remaining lots, so that any one subsequently purchasing other lots, with notice of the equity, would be bound by that equity. (*Tallmadge* v. *East River Bank, supra; Chesebro* v. *Moers*, 233 N. Y. 75.) Thus the plaintiff, should any other owner of a lot in the tract seek to evade the restrictions, could through equity enforce them.

There is a general presumption that restrictions contained in a deed were inserted for the protection of the grantor as a benefit to his remaining lands. (*Post* v. *Weil*, 115 N. Y. 361–372.)

The court, in *Korn* v. *Campbell* (192 N. Y. 490, at p. 495) states that restrictions are divided into three classes: First, those imposed pursuant to a common development plan, mutually binding upon all the lots in the tract subject to such plan, and for the mutual benefit of all. And defined the second class as follows: " The second class embraces those cases in which the grantor exacts the covenant from his grantee, presumptively or actually, for the benefit and protection of contiguous or neighboring lands which the former retains. In such cases the * * * grantor, and his assigns of the property benefited may enforce it against either or all of the grantees of the property burdened with the covenant." (Citing *Tulk* v. *Moxhay*, 2 Phillips Ch. 774; *Whitney* v. *Union Ry. Co.*, 11 Gray [Mass.], 359; *Seymour* v. *McDonald*, 4 Sandf. Ch. 502; *Equitable Life Assurance Society* v. *Brennan*, 148 N. Y. 661.)

Either Lutz, in imposing the restrictions contained in the Wolters deed, did so to carry into effect and in pursuance of a common plan to subject all the lots to be erected from the tract that he then owned to mutual restrictions for their mutual benefit; or he imposed the restrictions on the Wolters lot for his own protection and the benefit of the balance of the twenty-eight acres that he retained.

Therefore, if plaintiff's contention that no evidence outside the records may be considered to vary the Lutz deed of the balance of the twenty-eight acres to the High Park Development Company, and that defendants are estopped or precluded, by the omission of restrictions from such deed, from claiming or proving that the plan or scheme to restrict the several lots to be formed from such balance of the twenty-eight acres was not abandoned, is to be accepted as the law of the case, then there is not enough evidence to establish a common plan of mutual restrictions to overcome the presumption that Lutz, in inclosing the restrictions on the Wolters lot, did so for the benefit of the land he retained, and in that event Lutz and his assigns, namely, the High Park Development Company and the other defendants herein, the present lot owners, could insist upon and enforce such restrictions in the Wolters deed, under which plaintiff holds with notice of the restrictions, on the ground that Lutz, in imposing the restrictions on plaintiff's lot, did so for the benefit of defendants' lots. (*Korn* v. *Campbell, supra*, 496; *Equitable Life Assurance Society* v. *Brennan, supra*.)

" As Lord Chancellor Cottenham said in 1848: ' The question is, not whether the covenant runs with the land, but whether a party shall be permitted to use the land in a manner inconsistent with the contract entered into by his vendor, and with notice of which he purchased ' [*Tulk* v. *Moxhay, supra*]." (*Rubel Bros., Inc.*, v. *Dumont Coal & Ice Co., supra*.) In fact, there is nothing in the restrictions

in question, nor in the manner of setting them up, that is inconsistent with such restrictions coming within both the first and second classes, as defined in *Korn* v. *Campbell* (*supra*).

The plaintiff's complaint should be and is dismissed, with one bill of costs to the defendants who have answered and who appeared upon the trial by Attorneys Schohl and Kinkel; and another bill of costs to the defendant who answered and who appeared upon the trial by Attorney Philip Halpern. Let findings be prepared and judgment entered accordingly.