OPINION OF THE COURT
Joseph J. Sedita, J.
Petitioner herein has been denied a building permit to construct a “duplex” residence on the premises which is the subject of this dispute. In a written denial of petitioner’s request for a building permit, the building inspector recited that the tract within which petitioner’s lot is located is zoned R-l-2 (single family residential) and that the subdivision approval of the city planning commission and the Department of Environmental Conservation was based upon single family occupancies. Petitioner alleges that in 1972, said tract was rezoned R-2 (multifamily residential) and said rezoning was never changed back to R-l-2. Petitioner seeks to have this court direct the building inspector to issue a permit for the construction of a proposed “duplex” dwelling. Said “duplex” dwelling would be permis *736 sible under the regular R-2 zoning classification assuming other legal requirements were complied with.
The controversy over the zoning category into which this property falls, arises out of the rezoning which took place in 1972. In that year the former owner of petitioner’s lot applied for a rezoning of the entire tract of which petitioner’s lot is a part. The former owner (Armand Straccamore) intended to build a complex including multifamily dwellings, clubhouse, swimming pool, tennis courts and putting green. Due to complaints from the neighbors in the area of the proposed development, the plans submitted to the city included certain modifications were designed to satisfy the said neighbors. With these modifications the city council agreed to the rezoning in the following resolution :
“moved by Alderman Kuebler.
“seconded by Alderman Klicek That the Common Council hereby rezones the property at 1295 Erie Avenue, also known as Trivoli Gardens, as per plans submitted to the Common Council on March 20,1972, to an R-2 classification.
“Ayes: Klimek, Brzozowski, Kuebler, March (4)
“Nays: Balling (1)
“carried. — land is rezoned.”
The phrase in this resolution which is in issue in this case is the phrase “as per plans submitted to the Common Council on March 20, 1972.” Petitioner has urged that the phrase can be interpreted only as being “descriptive” and without effect in placing any limitation .on the rezoning to R-2. The city on the other hand views that phrase as creating a “conditional rezoning” which caused the tract to automatically revert to R-l-2 status when the tract owner failed to comply with the plans submitted for the tract.
There has been no formal council action since the 1972 rezoning. The central issue to be decided by this court then is the determination of the legal effect of this phrase.
There is little question but that a municipality has the power to attach reasonable conditions to its zoning re-classifications. (See Church v Town of Islip, 8 NY2d 254; *737 1 Anderson, New York Zoning Law and Practice [2d ed], § 8.13.) However, the Court of Appeals has held that zoning restrictions are in derogation of the common law and as such must be strictly construed. (See Matter of 440 East 102nd St. Corp. v Murdock, 285 NY 298; see, also, Matter of Off Shore Rest. Corp. v Linden, 30 NY2d 160; De Masco Scrap Iron & Metal Corp. v Zirk, 62 AD2d 92; 1 Anderson, New York Zoning Law and Practice [2d ed], § 12.01.)
The change from one zoning classification to another can, of course, have a substantial impact on the use and value of the property. Where the possibility of such an “automatic” rezoning classification exists, the potential for said substantial change should be clearly set forth in the language of the rezoning instrument. The phrase, which is the subject of our scrutiny, gives no notice of any possibility of automatic reversion to another classification. It is the considered opinion of this court that such language cannot properly be interpreted as creating the possibility of an automatic reversion to another classification. We note that one New York case has held that even where the automatic reversion language is clear a notice and public hearing must take place before the reversion is permitted to be confirmed by the legislative body. (Matter of Stiriz v Stout, 210 NYS2d 325.)
It is the opinion of this court that this “phrase” does clearly and specifically evidence an intent on the part of the Common Council to restrict the scope of the rezoning by the modifications and conditions set forth in the plans referred to in the resolution. There has been no assertion that said proposed modifications were unreasonable. However, while it clearly evidences an intent to limit the rezoning with specific conditions, there is nothing in this language to warrant the conclusion that the language created an automatic reversion potential in this rezoning. It would be improper for a building inspector to issue a permit where the limiting conditions of a zoning amendment have not been complied with. (See Flushing Prop. Owners Assn. v Planning Comm. of City of N. Y., 43 AD2d 515; Rezoning — Special Restrictions, Ann., 70 ALR3d 125, especially *738 § 23, which notes a Georgia case in point, Ervin Co. v Brown, 228 Ga 14.)
The letter from the building inspector denying the requested permit herein bases his denial in part on the erroneous assumption that the area had automatically reverted to R-l-2. An application for a new permit based upon petitioner’s present plans should be submitted. The decision of the building inspector should reflect the area’s zoning classification as interpreted by this court (conditional R-2). Any new decision by the building inspector shall be in writing and set forth the reasons for his determination. It is not necessary for the court to reach the other issues raised by the petitioner unless there is a determination that the proposed use is permissible under the modified R-2 classification.
So, in summary this court has determined that there has been no automatic reversion to R-l-2 status and that the present zoning status of the premises herein is a conditional R-2.
In this posture, the motion herein shall be dismissed without prejudice to its renewal following a new determination by the building inspector.