■ In the Matter of TRAVELER REAL ESTATE, INC., et al., Appellants, v JOSEPH CAIN et al., Constituting the Zoning Board of Appeals of the Village of Kinderhook, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered May 10, 1989 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Village of Kinderhook.

Since 1979, petitioner Patricia McIntyre has operated a beauty parlor on the first floor of a two-story structure owned by petitioner Traveler Real Estate, Inc. as a permitted nonconforming use in an R-2 zone of the Village of Kinderhook, Columbia County. In 1987, McIntyre applied for and was granted a building permit authorizing renovation of the second story of the premises. The renovations were completed and McIntyre installed body-toning equipment, consisting of two sets of seven toning tables, and was issued a certificate of occupancy by the village building inspector. Thereafter, a village resident, Marjorie Greene, appealed the issuance of the certificate of occupancy to respondent Zoning Board of Appeals and, after a hearing, the appeal was upheld upon the ground that McIntyre's body-toning business was not permitted in the absence of a use variance. Petitioners then commenced this CPLR article 78 proceeding, seeking to annul the

determination of the Zoning Board. Supreme Court dismissed the petition and petitioners appeal.

The judgment should be affirmed. Respondents acknowledge that under the provisions of the village zoning ordinance (Code of Village of Kinderhook ch 97) relating to nonconforming uses, McIntyre was permitted to expand her existing beauty parlor business into the second floor of the premises.* Furthermore, she was permitted to substitute the body-toning business, another nonconforming use "which is of the same or more restricted in nature" (Code of Village of Kinderhook § 97-29), for the beauty parlor business. However, under the Zoning Board's interpretation of the zoning ordinance, the establishment of a second nonconforming use in the building constitutes a prohibited extension and enlargement of the prior nonconforming use. "It is axiomatic that a zoning board of appeals has the power to interpret the provisions of the local zoning ordinance or code" *(Matter of Rembar v Board of Appeals,* 148 AD2d 619, 620) and its interpretation will not be disturbed unless unreasonable or irrational *(see, Matter of Frampton v Zoning Bd. of Appeals,* 114 AD2d 670). In our view, the Zoning Board's interpretation is by no means irrational, particularly in view of the clear "public policy to restrict nonconforming uses in order ultimately to eliminate them" *(Matter of Aboud v Wallace,* 94 AD2d 874, 875; see, *Matter of Cave v Zoning Bd. of Appeals,* 49 AD2d 228, 233-234, *lv denied* 38 NY2d 710). Finally, there is more than adequate support in the record for the Zoning Board's determination that the body-toning business constitutes a separate enterprise and is not a mere accessory to the beauty parlor business *(see,* 1 Anderson, New York Zoning Law and Practice § 6.28, at 252 [3d ed]).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.

---

* Section 97-27 of the Code of the Village of Kinderhook provides that "[a] nonconforming use shall not be extended, enlarged or structurally altered, but the extension of a lawful use to any portion of a nonconforming building which existed prior to * * * adoption of [the ordinance] shall not be deemed the extension of such nonconforming use".