■ In the Matter of BAY VIEW PINES ESTATES, INC., Respondent, v ROY L. WINES, JR., et al., Appellants. [611 NYS2d 576] — In a proceeding pursuant to CPLR article 78, to compel the Planning Board of the Town of Southampton to determine that a proposed development plan does not require its approval, Roy L. Wines, Jr., Anthony Tiska, Eric Shultz, Blair McCaslin, and Margaret Caraher appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), dated July 11, 1991, as denied their motion to dismiss the petition.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the proceeding is dismissed on the merits.

We find that the Supreme Court erred in holding that the Planning Board of the Town of Southampton (hereinafter the Planning Board) was required to approve the resubdivision of 57 lots into 10 lots as proposed by Bay View Pines Estates,

Inc., the owner of the lots. The facts that the lots conformed to the zoning laws when their subdivision was previously approved approximately 50 years ago and that the proposed new lots conform to the present zoning laws, does not limit the discretion of the Planning Board to consider the validity of building on such lots. The Planning Board may consider factors other than compliance with the zoning laws when making its determination *(see,* Town of Southampton Code § 292-2 [B]).

We also find that the Supreme Court further erred when it ruled that the Planning Board could not require the petitioner to submit an Environmental Assessment Form. The proposed resubdivision of the land is a Type I action pursuant to 6 NYCRR 617.12 (b) (12) because it would take place wholly within a critical environmental area. Therefore, an Environmental Assessment Form is required pursuant to the Town of Southampton Code § 157-7 (B). Thompson, J. P., Bracken and Santucci, JJ., concur.

Balletta, J., dissents and votes to affirm the order. I respectfully disagree with my colleagues herein and vote to affirm the order.

Bay View Pines Estates, Inc. (hereinafter Bay View) is the owner of a tract of land located in the hamlet of Flanders, Town of Southampton, New York. In the 1940's, this tract of land was subdivided into 57 lots, as shown on a subdivision map entitled "Map of Bay View Pines Section No. 1," which was approved by the Town of Southampton Planning Board (hereinafter the Planning Board) on November 19, 1943, and filed with the county clerk on April 13, 1944. The lots, which measure only 20 feet wide and 100 feet deep, have never been developed or otherwise improved, and the roadways shown on the map have never been built. Sometime in the late 1980's, Bay View developed a plan to combine the 57 lots into 10 lots, each of which would be equal to or greater than the 10,000 square foot minimum lot area required in the zoning district in which the land is now located. Other than combining the smaller lots into larger lots, no property lines were redrawn, and the roadways, as shown on the subdivision map filed in 1944, remained unchanged. The Planning Board advised Bay View that it considered Bay View's plan a resubdivision requiring full subdivision approval and review pursuant to the State Environmental Quality Review Act.

Chapter 292 of the Town of Southampton Code (hereinafter the Code) gives the Planning Board the authority to review and approve all subdivisions. A subdivision is defined in

section 292-3 as "[t]he division of any parcel of land into two (2) or more lots, blocks or sites, whether or not such division creates new streets or extends existing streets, and includes resubdivision." The Code does not provide a definition for the term resubdivision.

In the case of *Freundlich v Town Bd.* (52 NY2d 921), which the respondents contend is controlling, the developer owned a parcel of land for which approval had been obtained in 1967 to subdivide it into 24 lots and two roads. In 1972, the Town of Southampton amended its zoning ordinance increasing the minimum lot size requirements for the subject property to 60,000 square feet, thus, rendering substandard all 24 of the lots on the subdivision map. The developer had a new map drawn up which it denominated a sales map. The sales map showed 18 lots, each of which complied with the new area requirements. The new, larger lots were formed by combining portions of the old lots and eliminating one of the mapped roadways. This Court held that the sales map was invalid and that the developer needed subdivision approval for the new map: "We cannot agree with the defendants or with Special Term, that the concept of 'resubdivision' [referring to the definition of subdivision in the Town Code above] applies only where a new map contains more lots than the original, approved plat. Clearly, the sales map, *which redrew the boundaries of every lot within the plat,* constituted a resubdivision within the meaning of [the Code]" (73 AD2d 684, 685, *affd* 52 NY2d 921; emphasis added).

The Court of Appeals affirmed, stating: "We agree with the Appellate Division that the respondents violated the town ordinance *by altering lot lines* in an approved subdivision without following the mandated procedures. *The lot lines on the revised plan under which the lots were to be sold were at variance with those on the first subdivision which was approved* by the town planning board. It follows, therefore, that this attempted resubdivision is invalid" (52 NY2d 921, 923; emphasis added).

It is clear from the language in *Freundlich* that the significant factors leading to this Court's conclusion that the sales map was a resubdivision requiring subdivision approval were the facts that the boundaries of every lot on the map had been redrawn and that an entire roadway had been eliminated.

In the present case, unlike *Freundlich,* no boundaries have changed and no streets have been eliminated. In fact, there has been no alteration of the lot lines in any manner by Bay View. Rather, Bay View's plan is merely that each homeown-

er's piece of property will be comprised of at least five lots without changing the layout of the subdivision map. This combination of adjacent smaller lots into a buildable parcel is not an uncommon feature in many neighborhoods on Long Island. Significantly, Bay View's plan, in contrast to the sales map in *Freundlich,* preserves the integrity of the subdivision map and does not change it.

Under these circumstances, I do not find Bay View's plan to be a resubdivision pursuant to the Town of Southampton Code.