■ In the Matter of ROBERT J. IWAN, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF AMSTERDAM, Respondent. [677 NYS2d 190] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Best, J.), entered May 2, 1997 in Montgomery County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a permit to create a landing strip or airfield on his property.

Petitioner owns two contiguous parcels of land totaling 138 acres in the Town of Amsterdam, Montgomery County, located in a R-1 residential district. Prior to the adoption of the Town of Amsterdam's Zoning Ordinance (hereinafter the Zoning Ordinance) in 1972, the parcels were utilized as a farm, a legal nonconforming use which was apparently continued by petitioner following his purchase of the subject property. In May 1996, petitioner applied to the Town for a zoning permit for the construction of an airfield which would be a graded

grassy landing area approximately 1,450 feet in length. The initial application was denied by the Town's acting Zoning Enforcement Officer (hereinafter ZEO) and Town Supervisor because a "Landing Area is not a permitted use in an R-1 Residence District".

Petitioner appealed to respondent and a public hearing was held at which petitioner argued that the use of a small private airstrip in conjunction with the primary residential and agricultural use of his property was a valid accessory use to his farm. Respondent upheld the ZEO's determination and petitioner commenced this CPLR article 78 proceeding to annul that determination. Supreme Court dismissed the petition and petitioner appeals.

Initially, we find petitioner's argument that the Town Supervisor acted beyond his authority when he determined petitioner's zoning permit to be unpreserved for appellate review inasmuch as that issue was not raised at the administrative level (*see, Matter of Colella v New York State Dept. of Envtl. Conservation*, 196 AD2d 162, 168).

Petitioner also contends that respondent's determination lacks appropriate findings in that it does not disclose the factual basis for its decision (*see, Matter of Collins v Behan*, 285 NY 187). Although respondent's written findings are sparse, remittal is unnecessary since the record of the proceedings before respondent together with respondent's answer and return in Supreme Court contain sufficient facts to permit intelligent judicial review of the evidence it relied upon in reaching its determination (*see, 215 E. 72nd St. Corp. v Klein*, 58 AD2d 751, *appeal dismissed* 42 NY2d 1012; 2 Anderson, New York Zoning Law and Practice § 25.31, at 354 [3d ed]; *cf., Matter of Filangeri v Pulichene*, 229 AD2d 702).

Turning to the merits, we find that respondent's determination has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley*, 45 NY2d 441, 444; *Matter of Moody Hill Farms v Zoning Bd. of Appeals*, 199 AD2d 954, 956, *lv denied* 83 NY2d 755). As petitioner concedes, the establishment of an airport within a R-1 residential district is a prohibited use under the Zoning Ordinance. Petitioner argues, however, that the proposed use of the land as a landing strip for aircraft is not an "airport" according to the common usage of that term but rather an accessory use to the nonconforming use of the land as an existing farm.

We are reminded that "public policy is to restrict nonconforming uses in order to eliminate them" (*Verstandig's Florist v Board of Appeals*, 229 AD2d 851, 852). Moreover, since change

of nonconforming uses is strictly proscribed under the Zoning Ordinance,* respondent is free to adopt a narrow interpretation of an accessory use (*see,* 1 Anderson, New York Zoning Law and Practice § 6.23, at 245 [3d ed]). Respondent's "interpretation will not be disturbed unless [it is] unreasonable or irrational" (*Matter of Traveler Real Estate v Cain,* 160 AD2d 1214, 1215). Because both a grassy runway and an airport may accommodate single small-engine planes, we find nothing irrational in respondent's implicit determination to equate the two under the Zoning Ordinance.

Irrespective of whether the grassy runway was an airport, petitioner had the burden of establishing that the proposed landing strip was a continuation of his nonconforming use of the land as a farm (*cf., Matter of Hoffay v Tifft,* 164 AD2d 94) and not an attempt to substitute a nonconforming accessory use for a conforming one (*see,* 1 Anderson, New York Zoning Law and Practice § 6.28, at 253 [3d ed]). When asked at the hearing about the purpose of the proposed landing strip, petitioner responded, "Just for recreational purposes, and also for possibly agricultural purposes, possibly aerial seeding and possible aerial photography for survey work." In our view, since petitioner's farm was neither a large tract of land nor personally farmed by him, respondent could rationally conclude that petitioner's primary purpose for use of the landing strip was recreational and, therefore, that the proposed airstrip was not a legitimate accessory use.

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Article IX, § 26 of the Zoning Ordinance provides in pertinent part: "A non-conforming use of land may not be changed to another non-conforming use."