■ In the Matter of LANDMARK SOCIETY OF WESTERN NEW YORK et al., Appellants, v MONROE COUNTY, Respondent. [771 NYS2d 461]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered March 18, 2003. The judgment, inter alia, dismissed the petition to review respondent's determination adopting the 2001 Seneca Park Zoo Development Plan and accepting the State Environmental Quality Review Findings Statement.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition challenging respondent's adoption of the 2001 Seneca Park Zoo Development Plan (Zoo Plan) and respondent's acceptance of the State Environmental Quality Review Findings Statement (Findings Statement) prepared in connection with the Zoo Plan. The court properly concluded that respondent's determination adopting the Zoo Plan and accepting the Findings Statement complies with the requirements of the State Environmental Quality Review Act ([SEQRA] ECL art 8). The record establishes that respondent, as lead agency, "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" adopting the Zoo Plan (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Respondent identified and addressed each of the areas of concern raised by petitioners, giving "due consideration to pertinent environmental factors" (*Akpan v Koch*, 75 NY2d 561, 571 [1990]). Further, contrary to petitioners' contention, respondent considered "a reasonable range of alternatives" before adopting the Zoo Plan (*Matter of Town of Dryden v Tompkins County Bd. of Representatives*, 78 NY2d 331, 334 [1991]; *see Matter of Coalition for Responsible Dev. in Goldens Bridge v Town Planning Bd. of Town of Lewisboro*, 221 AD2d 626 [1995]), and satisfied its obligation under SEQRA to "act and choose alternatives which, consistent with social, economic and other essential considerations, to the maximum extent practicable, minimize or avoid environmental effects" (ECL 8-0109 [1]). Present—Green, J.P., Wisner, Gorski and Lawton, JJ.