◼ In the Matter of THE FRIENDS OF HAMMONDSPORT, by its Chairperson, MARCIA STATES, Appellant, v VILLAGE OF HAMMONDSPORT PLANNING BOARD et al., Respondents. [784 NYS2d 748]—

Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Kenneth R. Fisher, J.), entered October 3, 2003 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking annulment of the approval of the site plan for the Garrett Landing Condominium Project (Project) by respondent Village of Hammondsport Planning Board (Planning Board), annulment of the underlying environmental review under the State Environmental Quality Review Act ([SEQRA] ECL art 8), and a declaration that the site of the Project is not zoned Lakefront Residential District. Supreme Court properly denied that part of the petition challenging the Planning Board's approval of the site plan. Contrary to petitioner's contention, the Planning Board considered the standards set forth in the Code of respondent Village of Hammondsport (Village). The record, which includes minutes from the Planning Board meetings, SEQRA findings, and an affidavit of the Chairman of the Planning Board, was sufficient for the court to determine that the Planning Board's approval of the site plan had a rational basis (*see Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam,* 252 AD2d 913, 914 [1998]; *Matter of East Coast Props. v City of Oneida Planning Bd.,* 167 AD2d 641, 643 [1990]). The court also properly denied that part of the petition challenging the SEQRA determination. The Planning Board took a "hard look" at the areas of environmental concern and made a "reasoned elaboration of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417 [internal quotation marks omitted] [1986]; *see Matter of Landmark Socy. of W. N.Y. v Monroe County,* 4 AD3d 871, 872 [2004]; *Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency,* 301 AD2d 292, 304 [2002], *lv denied* 99 NY2d 508 [2003]).

Contrary to the contention of petitioner, Local Law No. 6

(1995) of Village of Hammondsport effectively rezoned the site to Lakefront Residential District. Petitioner's contentions that the law is invalid because a page was missing from the filing with the Secretary of State and because a map in the Village office was deficient are without merit. The public notices for the amendment to the zoning law clearly stated that the amendment would add the new district and rezone the parcels at issue, and thus petitioner had adequate notice of the adoption and contents of Local Law No. 6 of 1995 (*see Preble Aggregate v Town of Preble,* 247 AD2d 697, 698-699 [1998]). Moreover, the official zoning map for the Village shows the correct zoning for the parcels.

We reject petitioner's contention that the Project violates provisions of the Village Code. The Village Code Enforcement Officer properly determined that the proposed condominiums are three stories, rather than five stories as petitioner asserts. Subdivision approval was not necessary where, as here, three parcels were combined into one and there is no indication that the parcels were a part of a subdivision such that the combining of the parcels could be considered a resubdivision (*cf. Freundlich v Town Bd. of Southampton,* 73 AD2d 684, 685 [1979], *affd* 52 NY2d 921 [1981]; *Matter of Bay View Pines Estates v Wines,* 204 AD2d 316, 316-317 [1994]). Petitioner's further contention that the Chairman of the Planning Board had an impermissible conflict of interest is without merit (*see Matter of DePaolo v Town of Ithaca,* 258 AD2d 68, 72 [1999], *lv denied* 94 NY2d 751 [1999]; *see generally* General Municipal Law § 809 [2]). Present—Green, J.P., Pine, Martoche and Hayes, JJ.