# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1374**
**CA 13-00364**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF LIVINGSTON PARKWAY
ASSOCIATION, INC., KENNETH PASLAQUA, EDWARD
BUTLER, JR., DIANE RODMAN, JAMES REYNOLDS,
RAYMOND PAOLINI AND MICHAEL HUNTRESS,
PETITIONERS-APPELLANTS,

V                                                          MEMORANDUM AND ORDER

TOWN OF AMHERST ZONING BOARD OF APPEALS,
THOMAS KETCHUM, TOWN OF AMHERST, ISKALO 5000
MAIN LLC, ISKALO DEVELOPMENT CORP., SONOMA
GRILLE, INC., DOING BUSINESS AS SONOMA GRILLE
AND MICHAEL R. MILITELLO, RESPONDENTS-RESPONDENTS.

---

RICHARD G. BERGER, BUFFALO, AND LIPPES & LIPPES, FOR
PETITIONERS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS SONOMA GRILLE, INC., DOING BUSINESS AS SONOMA
GRILLE AND MICHAEL R. MILITELLO.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, HOLLAND (RONALD P. BENNETT OF
COUNSEL), FOR RESPONDENT-RESPONDENT THOMAS KETCHUM.

LEONARD BERKOWITZ, ORCHARD PARK, FOR RESPONDENTS-RESPONDENTS TOWN OF
AMHERST ZONING BOARD OF APPEALS AND TOWN OF AMHERST.

HOPKINS & SORGI, PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS ISKALO 5000 MAIN LLC AND ISKALO DEVELOPMENT
CORP.

---

Appeal from a judgment of the Supreme Court, Erie County (Tracey
A. Bannister, J.), entered November 26, 2012 in a proceeding pursuant
to CPLR article 78. The judgment, inter alia, dismissed the amended
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78
proceeding seeking to annul the determination of respondent Town of
Amherst Zoning Board of Appeals (ZBA) that a condition imposing a
height restriction for proposed new buildings on the subject parcel
(Condition No. 4) was no longer enforceable. We conclude that Supreme

Court properly dismissed the amended petition.

We reject petitioners' contention that the ZBA's failure to adopt formal, written findings of fact renders its determination arbitrary and capricious.  Generally, "[f]indings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" (*Matter of South Blossom Ventures, LLC v Town of Elma*, 46 AD3d 1337, 1338, *lv dismissed* 10 NY3d 852 [internal quotation marks omitted]; *see Matter of Paloma Homes, Inc. v Petrone*, 10 AD3d 612, 613).  Where the issue is one of pure legal interpretation of statutory terms, however, we have the power to conduct an independent review of the applicable law (*see Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160; *see also Matter of Emmerling v Town of Richmond Zoning Bd. of Appeals*, 67 AD3d 1467, 1467-1468), and petitioners correctly concede that this case involves only an issue of legal interpretation.  Under the circumstances, we conclude that the record "contain[s] sufficient facts to permit intelligent judicial review of the . . . determination" (*Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam*, 252 AD2d 913, 914; *see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93; *see also Matter of Friends of Hammondsport v Village of Hammondsport Planning Bd.*, 11 AD3d 1021, 1022).

We reject petitioners' contention that Condition No. 4 survived the passage of respondent Town of Amherst's Zoning Ordinance of 1976, which continued to give effect to, inter alia, "laws, rules, [and] regulations . . . previously adopted or issued" (§ 203-2-2.1 [1976]).  A "regulation is 'a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of [a] statute' " (*Matter of SLS Residential, Inc. v New York State Off. of Mental Health*, 67 AD3d 813, 816, *lv denied* 14 NY3d 713, quoting *Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951).  Here, we conclude that Condition No. 4 is not a regulation inasmuch as it is not a fixed, general principle.  Indeed, the language of Condition No. 4 specifically and unambiguously applied the height restriction only to new buildings proposed by a developer in June 1968.  That development never came to fruition, and the subject parcel was rezoned in 1976.  We therefore conclude that the Amherst Town Board annulled Condition No. 4 when it rezoned the property in 1976 (*cf. Matter of D'Angelo v Di Bernardo*, 106 Misc 2d 735, 737, *affd* 79 AD2d 1092, *lv denied* 53 NY2d 606).

We have reviewed petitioners' remaining contentions and conclude that they are without merit.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court