TUSCARORA CLUB OF MILLBROOK, NEW YORK, Appellant, *v*. WILLIAM H. BROWN, Respondent.

Real property — deed — reservation to and for benefit of a stranger to the deed conveys no interest whatsoever in the land described therein — erroneous admission of oral evidence to show that person to whom reservation was made was in fact, though not named as such, the grantor in the deed.

A reservation, or exception, in a deed for the benefit of a stranger to the conveyance is ineffectual to convey to such stranger any estate or interest whatsoever in the lands described in the convey-

ance as against a subsequent purchaser in good faith for a valuable consideration, whose conveyance has been recorded, and the person for whom such reservation was made cannot, in order to avoid the effect of such rule, prove by oral testimony, *dehors* the recorded conveyances, that he was in fact, though not in name, the real grantor in such conveyance, and that, therefore, such reservation was to himself and for his own benefit.

*Tuscarora Club* v. *Brown*, 154 App. Div. 366, reversed.

(Argued June 16, 1915;  decided July 13, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 15, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The action was brought to secure an injunction restraining the defendant from trespassing upon the plaintiff's lands.  The plaintiff is a corporation organized for the enforcement of the Game Law, the propagation of game and fish, and the purchasing and holding of lands and waters for the purpose of hunting and fishing.

In April, 1901, the plaintiff purchased from the First National Bank of Rondout certain lands and premises in Delaware county, which included the land under the water of the Mill brook where the trespass complained of was committed by the defendant.

In 1883 these lands and premises were owned by the defendant William H. Brown, who, in that year, conveyed the same to Sarah A. Brown, and on February 24, 1885, Sarah A. Brown conveyed the same to Margaret A. Carroll.  The latter deed contained the following reservation: "Reserving the right to William H. Brown, Jr., to fish in the said Mill Brook stream." Subsequently and by several mesne conveyances the property passed into the ownership of the plaintiff's grantor, the First National Bank of Rondout, and so to the plaintiff.

All the deeds in the chain of title from the deed of Sarah A. Brown down to the conveyance to the plaintiff

were duly recorded, and in all of them there was inserted a clause recognizing the right of the defendant to fish in the Mill brook, either by expressly reserving the right or by referring to the prior deeds which contained the clause quoted.

The defendant proved that he was the son of Sarah A. Brown, and his conveyance of the lands and premises to her was intended to be, and was, in fact, a mortgage to secure loans of money which his mother had made to him. Prior to February 24, 1885, the defendant had repaid to his mother all the money so loaned and she made the conveyance of that date to Margaret A. Carroll by his, the defendant's, directions, and by his further directions the mother inserted in the deed the clause reserving the right to fish in the Mill brook. The defendant has asserted and exercised the right to fish in the stream under the reservation in the deed referred to, and threatens to continue to fish at his pleasure. These facts appear in the findings and so far the case has gone in the defendant's favor.

*Charles H. Tuttle, Charles E. Hotchkiss* and *Harold C. McCollom* for appellant. It is not material whether the right reserved was an exception or a reservation; in either case it was void, because made in favor of a stranger to the deed. (*Beardslee* v. *N. B. L. & P. Co.,* 207 N. Y. 34; *Blackman* v. *Striker,* 142 N. Y. 555; *Parsons* v. *Miller,* 15 Wend. 561; *Craig* v. *Wells,* 11 N. Y. 315; *Bridger* v. *Pierson,* 45 N. Y. 601.) Even if the plaintiff had been chargeable with knowledge that the defendant was the equitable owner at the time of the reservation or exception, nevertheless he was not in terms a party to the deed but a stranger thereto, and took nothing thereunder. (*Maynard* v. *Maynard,* 4 Edw. Ch. 711; *Ives* v. *Van Auken,* 34 Barb. 566; *Moore* v. *Earl of Plymouth,* 3 B. & Ald. 66.)

*Andrew C. Fenton* for respondent. The admission of parol evidence to show the deed from William H. Brown

to Sarah A. Brown of November 15, 1883, to be in fact a mortgage was competent. (*Carr* v. *Carr,* 52 N. Y. 254; *Horn* v. *Keteltas,* 46 N. Y. 605; *Garney* v. *Rodgers,* 47 N. Y. 233; *Odell* v. *Montrose,* 68 N. Y. 499; *Clark* v. *Henry,* 2 Cow. 534.)

Cuddeback, J. Whether the provision in the deed from Sarah A. Brown to Margaret A. Carroll, reserving the right to the defendant William H. Brown to fish in the Mill brook stream be regarded as a reservation or as an exception makes no difference so far as this case is concerned. (*West Point Iron Co.* v. *Reymert,* 45 N. Y. 703; *Beardslee* v. *New Berlin L. & P. Co.,* 207 N. Y. 34.) For whichever way viewed the clause in the deed was entirely ineffectual to convey any estate or interest whatsoever in the lands described to a stranger to the conveyance. (*Bridger* v. *Pierson,* 45 N. Y. 601; *Craig* v. *Wells,* 11 N. Y. 315; *Beardslee* v. *New Berlin L. & P. Co.,* *supra.*)

Because the defendant was a stranger to the conveyance the exception or reservation of his right to fish in the Mill brook stream did not justify his trespass upon the plaintiff's land. The defendant, in order to meet this objection to his case, undertook to show that he was not a stranger to the deed, but that he was in fact the grantor therein, and the reservation was to himself. He proved that his deed to his mother was a mortgage which he had paid off, and that under the well-settled rules of law he had become reinvested with the absolute title to the lands mortgaged. (*Shattuck* v. *Bascom,* 105 N. Y. 39; *Odell* v. *Montross,* 68 N. Y. 499; *Carr* v. *Carr,* 52 N. Y. 251.)

The plaintiff insists that such proof on the part of the defendant was wholly inadmissible, and that the defendant was estopped from showing a state of facts different from that which the deeds as recorded disclosed. I think the contention of the plaintiff in that respect must prevail.

The record of the deeds from the defendant to Sarah A. Brown and from her to Margaret A. Carroll was constructive notice to the plaintiff of just what the record showed and the legal consequences thereof, and nothing more. The record showed ownership of the lands in Sarah A. Brown, and a deed from her containing a clause reserving to the defendant, who was not a party to the deed, the right to fish in the Mill brook stream. The plaintiff knowing the law, as we must assume, under⸱ stood that such a clause in the deed was inoperative in that it gave the defendant no right at all. That was the legal effect of what the records showed. The defendant could not prove that his mother had no title to the land and that he, the defendant, was the real grantor, and that, therefore, the exception or reservation was to a party and not to a stranger to the conveyance. The defendant could not thus defeat the legal purport of the conveyances with reference to the reservation and exception any more than he could defeat the conveyances altogether by showing that his mother had no title.

It may perhaps be that if the defendant in fact had the right to fish in the stream, which could be established without questioning the conveyance from his mother, then the clause in her· deed reserving the right to him would be sufficient constructive notice thereof to bind her grantee (*Sweet* v. *Henry*, 175 N. Y. 268; *Acer* v. *Westcott*, 46 N. Y. 384), but that is not the situation which we must consider. The defendant did not attempt to establish his right in any other way than by showing that the facts were different from what the record reveals. That was not permissible. (*Leonard* v. *Clough*, 133 N. Y. 292.)

The plaintiff was a subsequent purchaser in good faith and for a valuable consideration of the Mill brook stream, claiming under the deeds to and from Sarah A. Brown. The plaintiff's conveyance had been recorded, and it would be an invasion of the Recording Act to allow the defend-

ant to show by oral testimony that the deeds under which the plaintiff claimed were in any way different from what they, on their face, purported to be.    (*Peck* v. *Mallams*, 10 N. Y. 509, 540.)

The plaintiff's exceptions to the findings of the court, and to the admission of the testimony given by the defendant and his mother, were well taken, and I recommend that the judgment appealed from be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, MILLER, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.