■  In the Matter of FLUSHING PROPERTY OWNERS ASSOCIATION, INC. et al., Respondents, v. PLANNING COMMISSION OF THE CITY OF NEW YORK et al., Respondents, and LEONARD LITWIN et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County, entered on August 3, 1973, unanimously modified, on the law and the facts, for the sole purpose of remanding to the Department of Buildings of the City of New York, for the issuance of a proper permit within 60 days of the publication of this disposition, with the approval of the Planning Commission of the City of New York, and otherwise affirmed, without costs and without disbursements; and the stay presently in effect is continued for a like period. We are persuaded that Special Term was correct. The approval granted by the City Planning Commission for the building permit here challenged was clearly violative of the restrictive declaration executed and delivered to the City Planning Commission, placed upon record of the Board of Estimate, and thereafter filed and recorded in the office of the City Register of Queens County, all as a condition to the reclassification of the developer's property to another zoning category. This declaration, the procural of which was designed to ameliorate the impact of the contemplated new development on neighboring properties, specifically gave assurance " That the site will be developed solely for department store use and no provisions will be made for satellite stores ". It constitutes a binding contractual commitment which may not be ignored with impunity by the individual respondents or disregarded by the respondents City Planning Commission and the Department

of Buildings to the detriment of the petitioners-respondents and other property owners in the area for whose benefit the restrictions were expressly imposed. (*Church* v. *Town of Islip*, 8 N Y 2d 254.) The failure of the respondents, City Planning Commission and Department of Buildings, to adhere to the conditions of the rezoning resolution as contained in the restrictive declaration and the approval of plans and the issuance of a permit, respectively, by these respondents, constituted arbitrary and capricious conduct contrary to the clear proscription of "Satellite stores" fully justifying the determination of Special Term annulling the "approval granted for issuance" of the permit. The disposition here made will obviate difficulties incident to ongoing construction within the limits authorized by our previous stay here continued for the indicated period. Concur — McGivern, J. P., Markewich, Lane, Tilzer and Capozzoli, JJ.