*572 OPINION OF THE COURT
Per Curiam.
Plaintiff, executrix of the estate of A. Graham Thomson, and defendant, Judith Wade, own adjoining parcels of land on the St. Lawrence River in the Village of Alexandria Bay. Plaintiff’s property, on which a motel has been built, is known as the annex parcel and fronts on the river. Defendant owns the unimproved inland parcel, which is adjacent to plaintiff’s and borders the public road. Plaintiff claims an easement over *573 defendant’s parcel to the public road. Both parcels were previously owned by Edward John Noble, who, in 1945, separately conveyed them to different parties. Although Noble had always used defendant’s parcel to gain access to the public road from the annex parcel, in transferring the annex parcel to plaintiff’s predecessor-in-interest, he did not convey an express easement appurtenant over defendant’s parcel for the benefit of the annex parcel. When Noble subsequently conveyed defendant’s parcel to defendant’s predecessor-in-interest, however, he "excepted and reserved” to himself personally, and to plaintiff’s predecessor-in-interest, a right-of-way across defendant’s parcel. In the ensuing years, members of the public generally, and the various owners of the annex parcel, including plaintiff who purchased the parcel in 1954, used this right-of-way over defendant’s land to reach the public road or the waterfront. When, in 1978, plaintiff erected a 50-room motel on the annex parcel, threatening an increase in traffic across defendant’s property, defendant immediately sought to bar plaintiff’s use of her property to benefit the annex parcel. Plaintiff thereafter acquired from Noble’s successor-in-interest, the Noble Foundation, a quitclaim deed to the right-of-way over defendant’s property that Noble had reserved to himself.
In this declaratory judgment action, plaintiff claims title to an easement over defendant’s property by express grant, relying not on its own deed to the annex parcel, but on the purported intent of Noble that the annex parcel benefit from an easement over defendant’s property, as evidenced by his conveyance of defendant’s parcel subject to a right-of-way in himself and in plaintiff’s predecessor-in-interest. Plaintiff also relies on the express conveyance of Noble’s personal right-of-way in the quitclaim deed from the Noble Foundation. The Appellate Division concluded that no express easement was created here. We agree.
It is axiomatic that Noble could not create an easement benefiting land which he did not own (see, 3 Powell, Real Property, Easements by Express Conveyance, f 407). Thus, having already conveyed the annex parcel, he could not "reserve” in the deed to defendant’s predecessor-in-interest an easement appurtenant to the annex parcel for the benefit of plaintiff’s predecessor-in-interest. The long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so-called "stranger to the deed”, does not create a valid interest in favor of that *574 third party (see, Tuscarora Club v Brown, 215 NY 543; Beardslee v New Berlin Light & Power Co., 207 NY 34, 39; see generally, 3 Powell, Real Property, Easements by Express Conveyance, If 407; 2 Warren’s Weed, New York Real Property, Easements § 4.02 [4th ed]). Plaintiff invites us to abandon this rule and adopt the minority view which would recognize an interest reserved or excepted in favor of a stranger to the deed, if such was the clearly discernible intent of the grantor (see, e.g., Willard v First Church of Christ, 7 Cal 3d 473, 476-479, 498 P2d 987; Townsend v Cable, 378 SW2d 806 [Ky]; Medhus v Dutter, 184 Mont 437, 444, 603 P2d 669; Restatement of Property § 472, comment [b]).
Although application of the stranger-to-the-deed rule may, at times, frustrate a grantor’s intent, any such frustration can readily be avoided by the direct conveyance of an easement of record from the grantor to the third party. The overriding considerations of the "public policy favoring certainty in title to real property, both to protect bona fide purchasers and to avoid conflicts of ownership, which may engender needless litigation” (Matter of Violi, 65 NY2d 392, 396), persuade us to decline to depart from our settled rule. We have previously noted that in this area of law, "where it can reasonably be assumed that settled rules are necessary and necessarily relied upon, stability and adherence to precedent are generally more important than a better or even a 'correct’ rule of law” (Matter of Eckart, 39 NY2d 493, 500). Consequently, we hold here that any right-of-way reserved to plaintiff’s predecessor-in-interest in the defendant’s deed was ineffective to create an express easement in plaintiff’s favor.
Additionally, inasmuch as the right-of-way reserved to Noble personally was not shown to be commercial in nature, the Appellate Division correctly determined that it could not be transferred to plaintiff in the quitclaim deed by the Noble Foundation (see, Saratoga State Waters Corp. v Pratt, 227 NY 429, 443). Thus, neither the reservation of an easement in gross in Noble, nor the reservation of a right-of-way in plaintiff’s predecessor-in-interest, entitles plaintiff to an express easement across defendant’s property.
We have examined plaintiff’s remaining contentions and find them to be without merit.
*575 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed, with costs.