■ JOSEPH LECHTENSTEIN et al., Appellants-Respondents, v P.E.F. ENTERPRISES, LTD., Respondent-Appellant.—In an action pursuant to RPAPL article 15 for a judgment, *inter alia,* declaring that the plaintiffs have an easement by grant over property allegedly owned by the defendant by reason of certain language contained in a deed in the defendant's chain of title, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 24, 1990, as denied their motion for summary judgment, and (2) the defendant cross-appeals from so much of the same order as denied its cross motion for partial summary judgment on its first counterclaim.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the defendant's cross motion for partial summary judgment on its first counterclaim, and by substituting therefor a provision granting that cross motion only to the extent of declaring that the plaintiffs have not acquired an easement over the subject parcel by reason of the language contained in the deed from George E. Soper and Hannah Soper to Alice B. Codling, dated December 24, 1897, dismissing the complaint, and severing and continuing the defendant's counterclaims; as so modified, the order is affirmed, with costs to the defendant.

This appeal involves a dispute concerning the parties' respective rights over a certain parcel of vacant real property allegedly owned by the defendant. The plaintiffs are owners of property which lies to the west of, and is partially bounded by, the subject parcel. It is undisputed that the subject parcel and the plaintiffs' property do not share a common grantor. The plaintiffs seek a judgment declaring that they have an easement over the subject parcel. Their easement claim is premised exclusively upon language in a deed in the defendant's purported chain of title. That deed, dated December 24, 1897, conveyed the premises east of the property currently owned by the plaintiffs to one of the defendant's apparent predecessors in title, but contained the following language: "[e]xcepting therefrom * * * a strip three rods wide and extending

across this tract northerly and southerly and for highway purposes". The plaintiffs contended that the "strip" of property referred to corresponds to the subject parcel, and that the quoted language granted an easement over the subject parcel in favor of their property. The defendant served an answer denying the material allegations of the complaint and asserting two counterclaims. The first counterclaim sought a determination that the claimed easement does not exist and that the defendant owns the subject parcel free and clear by virtue of two deeds purporting to convey title to the realty to it. Thereafter, the plaintiffs moved for summary judgment on their complaint, and the defendant cross-moved for partial summary judgment with respect to its first counterclaim. The Supreme Court denied the motion and cross motion. We now modify the Supreme Court's order.

The defendant's cross motion should have been granted to the limited extent of declaring that the plaintiffs have no easement with respect to the subject parcel by reason of the language contained in the aforementioned deed. Assuming, without deciding, that the "strip three rods wide" does in fact correspond to the subject parcel, and that the language in that deed would otherwise suffice to grant an easement in favor of the plaintiffs' property, it is nevertheless clear that such an attempt to create an easement under these circumstances would be invalid (see, Tuscarora Club v Brown, 215 NY 543). Indeed, in addition to the fact that the grantor did not own the land which the so-called easement was intended to benefit, "[t]he long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so-called 'stranger to the deed', does not create a valid interest in favor of that third party" (Matter of Estate of Thomson v Wade, 69 NY2d 570, 573). The plaintiffs' contention that this principle should not apply in those situations where there is a clear and unequivocal intent on the part of the grantor to create such an easement is unavailing, inasmuch as that argument has previously been rejected by the Court of Appeals (see, Matter of Estate of Thomson v Wade, supra, at 574). Hence, even if the exception of the strip for highway purposes could be construed as an attempt to create an easement over the subject parcel in favor of the plaintiffs' property, it would be invalid (see, Matter of Estate of Thomson v Wade, supra; Estate of Owen v Berman, 151 AD2d 718). Moreover, since the plaintiffs' entire easement claim is based solely on the language in the 1897 deed, the complaint must be dismissed.

However, summary judgment was properly denied with respect to so much of the defendant's first counterclaim as seeks a declaration that the defendant is the owner of the subject parcel. Given the complex nature of the parties' claims regarding this issue, the voluminous documents contained in the record, and the conflicting chains of title submitted by the parties, the question of ownership cannot be resolved as a matter of law at this juncture. Accordingly, this portion of the counterclaim is severed and continued so that the defendant may pursue the issue if it be so advised. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.