■ GLENN I. HENRICKSEN, SR., et al., Appellants, v TRAILS END COMPANY et al., Respondents, et al., Defendants. [707 NYS2d 889] —In an action, *inter alia,* for a judgment declaring the extent of an easement over the plaintiffs' property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 5, 1999, as granted the motion of the defendants Trails End Company, Leonard J. Schreier, William R. Dorrance, Elsa S. Dorrance, Grace P. Rice, Leo H. Epstein, Georgena Epstein, Peter V. Smith, Jr., Catherine S. Freiedman, Marion Caroline, Linda M. Brandt, Florence Bird, John W. Bird, Frances Kissling, Richard Marsh, Virginia Marsh, Menzo J. Brown, Robert Sicherer, Joseph J. Galligan, Joseph F. Mazure, Helen M. Mazure, Anthony J. Woolsey, Denise M. LeBarron, Robert Jones, Robyn Jones, Stephan Bogert, and Andrea Bogert, and the defendants-intervenors Bonnie Nutter, Mark Dorrance, Kenneth Graham, Michele Graham, Fred Gerenser, Lynda Gerenser, and Randolph Griffin for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

The respondents contend that they are the successors in interest to the grantees of an easement burdening the plaintiffs' property. However, the record does not establish that the real property lots identified in the respondents' deeds are the same lots as those benefitted by the easement, and that the ease-

ment remains in existence with respect to each lot. As material issues of fact exist, the respondents' motion for summary judgment dismissing the complaint should have been denied (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.