■ SAM DEVELOPMENT, LLC, Respondent, v ROBERT DEAN et al., Appellants, et al., Defendants. [740 NYS2d 90] —In an action, inter alia, to permanently enjoin the defendants from obstructing an easement by grant, the defendants Robert Dean and Karen Dean appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Posner, J.), entered June 14, 2001, which granted the plaintiff's motion for summary judgment insofar as asserted against them, permanently enjoined them from obstructing the easement, and dismissed their counterclaim for a judgment declaring that the plaintiff has no right of way over their property.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the permanent injunction is vacated, and the counterclaim is reinstated.

Before March 17, 1906, the dominant and servient properties were owned by a common grantor. On that date, the common grantor sold the dominant property to Lillie Enggren and the servient property to Emma Callahan and Maude Smith. Both the deed to the dominant property and the deed to the servient property referred to an easement, described as a right of way running from the dominant property over the servient property.

New York adheres to the majority rule that a grantor cannot create an easement benefiting land not owned by the grantor (*see Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573).

For an easement by grant to be effective, the dominant and servient properties must have a common grantor (*see Lechtenstein v P.E.F. Enters.,* 189 AD2d 858, 859). If the common grantor conveys both the dominant and servient properties, the easement must be provided for in the deed to the dominant property and in the deed conveying the servient property (*see Matter of Estate of Thomson v Wade, supra*). Here, the common grantor did just that, on the same day. Accordingly, the easement by grant was properly created.

The appellants, who own the servient property, contend that the easement by grant was abandoned. The undisputed facts provide some evidence in support of their claim. In 1963 the dominant property was part of a tract of land condemned by the City of New York for highway purposes. In 1971 title was transferred to the New York State Department of Transportation (hereinafter the DOT). From 1988 through 1996, the DOT rented a portion of the dominant property on a month-to-month basis. The plaintiff alleges that the only means of ingress to and egress from that portion of the property, known as 11 Jaeger Lane, from a public highway or street was the easement.

In 1997 the plaintiff purchased the dominant property from the DOT. The description of the property in the deed from the DOT to the plaintiff did not refer to the easement. Thereafter, in response to the appellants' allegation of abandonment, the plaintiff obtained a corrected deed from the DOT adding the words "together with appurtenances, if any." The addition of this language proves nothing.

There is an issue of fact as to whether the condemnor's stated intent in 1963 to use the dominant property for highway purposes was incompatible with the easement. "Once extinguished, an easement is gone forever and cannot be revived" (*Stilbell Realty Corp. v Cullen,* 43 AD2d 966, 967).

The appellants argue that even if one portion of the easement was not abandoned, a certain 20-foot-wide portion of the 38-foot-wide easement containing grass and trees has been abandoned. Permitting the unimpeded growth of trees may constitute evidence of abandonment (*see Chapman v Vondorpp,* 256 AD2d 297). Accordingly, an award of summary judgment to the plaintiff is precluded (*see Quesnel Family Trust v Harstedt,* 285 AD2d 704). Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.