■ BEACHSIDE BUNGALOW PRESERVATION ASSOCIATION OF FAR ROCKAWAY, INC., Appellant, v OCEANVIEW ASSOCIATES, LLC, et al., Respondents. [753 NYS2d 133] —In an action, inter alia, to permanently enjoin the defendants from obstructing an easement by grant, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated August 30, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is a not-for-profit organization dedicated to preserving a bungalow community created in the 1920s situated on the Atlantic Ocean in the Far Rockaway section of Queens. The plaintiff's members are bungalow owners and lessees currently residing in the community. In 1994 the defendants purchased property in the bungalow community and obtained title through deeds to five adjacent lots closest to the ocean. The defendants subsequently built an apartment complex on a portion of their property, which the plaintiff claimed blocked a 40-foot wide easement for beach access granted to the residents of the bungalow community in their respective deeds. The plaintiff commenced this action on behalf of the bungalow owners, inter alia, to enjoin the defendants from obstructing the easement. The defendants interposed an answer, inter alia, asserting two counterclaims seeking a judgment declaring the defendants' property free and clear of any easement and to permanently enjoin the plaintiff's members from trespassing on their property. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, finding that the plaintiff failed to raise a triable issue of fact that the bungalow owners' chain of title granted them an easement burdening the defendants' property. We agree.

The defendants made a prima facie showing of their entitlement to summary judgment by establishing that the easement identified in the bungalow owners' respective deeds does not burden the defendants' property (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see also Gherardi v Burke*, 144 AD2d 339). The plaintiff's submissions in opposition to the motion failed to raise a triable issue of fact as to the existence of an easement

by grant (*see Will v Gates,* 89 NY2d 778; *cf. Henricksen v Trails End Co.,* 272 AD2d 295). Contrary to the plaintiff's contention, the existence of later deeds in the defendants' chain of title which conveyed the property subject to a midblock easement of access to the beach did not create an issue of fact. Even assuming that the language in those deeds was not the result of a scrivener's error and was not subsequently corrected by duly-recorded correction deeds, it is nevertheless clear that such an attempt to create an easement under these circumstances would be invalid. New York adheres to the majority rule that a grantor cannot create an easement benefitting land not owned by the grantor (*see Matter of Estate of Thomson v Wade,* 69 NY2d 570, 573-574; *Sam Dev. v Dean,* 292 AD2d 585). For an easement by grant to be effective, the dominant and servient properties must have a common grantor (*see Sam Dev. v Dean, supra* at 586; *Lechtenstein v P.E.F. Enters.,* 189 AD2d 858, 859). Here, in addition to the fact that the grantors named in those deeds did not own the land which the easement was intended to benefit, "[t]he long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so-called 'stranger to the deed', does not create a valid interest in favor of that third party" (*Matter of Estate of Thomson v Wade, supra* at 573-574; *Lechtenstein v P.E.F. Enters., supra* at 859). Consequently, any easement reserved to the bungalow owners in the defendants' chain of title was ineffective to create an express easement in the bungalow owners' favor. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.