*343 In an action, inter alia, for a judgment declaring that the defendant does not have a life estate in certain real property owned by the plaintiffs, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated September 10, 2002, which denied their motion for summary judgment.
Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.
By deed dated November 15, 2001, Sarah Grand transferred title to certain real property to the plaintiffs “subject to a retained life estate” in herself and the defendant, Walter Grand. Mrs. Grand died on March 11, 2002. The defendant refused to vacate the premises after Mrs. Grand’s death and the plaintiffs commenced this action seeking, inter alia, a declaration that the defendant does not have a life estate in the property.
The reservation of a life estate in the deed did not create a valid interest in favor of the defendant, who was a “stranger to the deed,” even assuming that it was Mrs. Grand’s intention to create such a life estate (see Matter of Estate of Thomson v Wade, 69 NY2d 570, 573-574 [1987]; Tuscarora Club of Millbrook v Brown, 215 NY 543 [1915]; Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc., 301 AD2d 488 [2003]; Lechtenstein v P.E.F. Enters., 189 AD2d 858 [1993]). Consequently, the Supreme Court should have granted the plaintiffs’ motion for summary judgment. Altman, J.P., Smith, Friedmann and H. Miller, JJ., concur.