■ JOAN M. WINOKER, Respondent, v BERNARD C. HARING et al., Appellants. [793 NYS2d 126]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated June 5, 2003, which granted the plaintiff's motion for summary judgment and denied their cross motion, inter alia, for summary judgment, and (2) a judgment of the same court entered June 25, 2003, which, upon the order, inter alia, determined that they have no claim, right, or title to the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Planning Board of the Town of Clarkstown (hereinafter the Planning Board) approved a subdivision application, and apparently intended that the subdivision include a right-of-way connecting the defendants' adjacent parcel to a newly-created street. The defendants conceded, however, that the right-of-way was never conveyed to them. Nor did a clause in the deed conveying one of the subdivision lots to the plaintiff's predecessor, which provided that the conveyance was "subject to" a right-of-way as shown on the subdivision map, create a valid property interest in favor of the defendants, who were not parties to that deed (*see Matter of Estate of Thomson v Wade*, 69 NY2d 570 [1987]; *Lechtenstein v P.E.F. Enters.*, 189 AD2d 858 [1993]). Even if we were to assume that the notation of the subject right-of-way on the filed subdivision plot was an enforceable condition imposed upon the developer by the Planning Board (*cf. Matter of Flushing Prop. Owners Assn. v Planning Commn. of City of New York*, 43 AD2d 515, 515-516 [1973]), that in itself did not effect a conveyance creating the interest in real property the defendants claim. Thus, the plaintiff established her entitlement to judgment as a matter of law, declaring that the defendants have no claim, right, or title to the alleged right-of-way. In response, the defendants failed to raise a triable issue of fact.

The defendants' remaining contentions are without merit. Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.