■ EDDIE SACHAR, Respondent, v EAST 53 REALTY, LLC, Appellant. [880 NYS2d 331]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated April 13, 2007, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

"[A] grantor cannot create an easement benefitting land not owned by the grantor" at the time of the grant (*Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.,* 301 AD2d 488, 489 [2003]; *see Matter of Estate of Thomson v Wade,* 69 NY2d 570, 573-574 [1987]; *Tuscarora Club of Millbrook, N.Y. v Brown,* 215 NY 543 [1915]; *Lechtenstein v P.E.F. Enters.,* 189 AD2d 858, 859 [1993]; *cf. Sam Dev. v Dean,* 292 AD2d 585, 585-586 [2002]).

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]) by submitting documents establishing that, at the time the easement was purportedly created, the grantor owned the servient property, but not the dominant property. Accordingly, the plaintiff established, as a matter of law, that no valid easement was ever reserved (*see Matter of Estate of Thomson v Wade,* 69 NY2d at 573; *Tuscarora Club of Millbrook, N.Y. v Brown,* 215 NY 543 [1915]; *Beachside Bungalow Preserv.*

*Assn. of Far Rockaway v Oceanview Assoc,* 301 AD2d at 489; *cf. Lechtenstein v P.E.F. Enters.,* 189 AD2d at 859).

In opposition, the defendant's attorney argued that the owners of the two properties at the time of the purported reservation of the easement in 1936 were, in effect, the same because they appeared to share the same corporate principals. However, these conclusory statements were unsupported by any documentary evidence, and therefore were insufficient to defeat the plaintiff's summary judgment motion (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324; *Zuckerman v City of New York,* 49 NY2d at 562). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment. Santucci, J.P., Angiolillo, Belen and Chambers, JJ., concur.