ANITA DICHTER et al., Respondents, v PETER B. DEVERS et al., Appellants. [891 NYS2d 426]—

The defendants maintain that a right-of-way over the plaintiffs' property was reserved in the plaintiffs' deed for the benefit of an adjoining parcel owned by the predecessor in interest of the defendant Peter B. Devers. It is undisputed that, at the time of the conveyance, the grantor, Harry J. Bly, did not own the benefitted parcel.

New York adheres to the majority rule that a grantor cannot create an easement benefitting land not owned by the grantor (*see Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *Tuscarora Club of Millbrook, N.Y. v Brown*, 215 NY 543 [1915]; *Winoker v Haring*, 17 AD3d 454, 455 [2005]; *Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.,*

301 AD2d 488, 489 [2003]; *Sam Dev. v Dean*, 292 AD2d 585, 586 [2002]). For an easement by grant to be effective, the dominant and servient properties must have a common grantor (*see Simone v Heidelberg*, 9 NY3d 177, 181-182 [2007]; *Sam Dev. v Dean*, 292 AD2d at 586; *Lechtenstein v P.E.F. Enters.*, 189 AD2d 858 [1993]).

Here, in addition to the fact that the grantor did not own the land which the easement was intended to benefit, "[t]he long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so-called 'stranger to the deed', does not create a valid interest in favor of that third party" (*Matter of Estate of Thomson v Wade*, 69 NY2d at 573-574; *see Lechtenstein v P.E.F. Enters.*, 189 AD2d at 859; *Estate of Owen v Berman*, 151 AD2d 718 [1989]; *Tuscarora Club of Millbrook, N.Y. v Brown*, 215 NY at 543; *Adirondack Park Agency v Bucci*, 2 AD3d 1293 [2003]; *Sganga v Grund*, 1 AD3d 342 [2003]).

The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by submitting documents establishing that, at the time the easement was purportedly created, Bly owned the servient property, but not the dominant property (*see Sachar v East 53 Realty, LLC*, 63 AD3d 715, 716 [2009]). Accordingly, the plaintiffs established, as a matter of law, that no valid easement was ever reserved (*see Matter of Estate of Thomson v Wade*, 69 NY2d at 573; *Tuscarora Club of Millbrook, N.Y. v Brown*, 215 NY at 543; *Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.*, 301 AD2d at 489).

In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment (*see Sachar v East 53 Realty, LLC*, 63 AD3d at 716; *Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.*, 301 AD2d at 489; *Lechtenstein v P.E.F. Enters.*, 189 AD2d at 859).

The defendants' counterclaims were properly dismissed.

The defendants' remaining contentions are without merit. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.