# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**915**

**CA 10-02477**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

WILLIAM DAVID YOUNG, WILLIAM KRAMER, AND LISA
PECORARO, INDIVIDUALLY AND ON THE BEHALF OF
ALL PROPERTY OWNERS SIMILARLY SITUATED,
PLAINTIFFS-RESPONDENTS,

V                                                        MEMORANDUM AND ORDER

MICHAEL R. CROSBY, DEFENDANT-APPELLANT.

---

FELT EVANS, LLP, CLINTON (ANTHONY G. HALLAK OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DAVID V. DELUCA, ROCHESTER, FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered March 5, 2010. The order, inter alia, denied defendant's cross motion for summary judgment and granted plaintiffs a preliminary injunction.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the cross motion seeking summary judgment dismissing the first and third causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a determination that they have an easement by express or implied grant or by prescription over a parcel of property owned by defendant. We note at the outset that plaintiffs' cross appeal has been deemed abandoned and dismissed by their failure to perfect it in a timely fashion (*see* 22 NYCRR 1000.12 [b]; *Bucklaew v Walters*, 75 AD3d 1140, 1141). We therefore do not address the cross appeal.

We agree with defendant that Supreme Court erred in denying that part of his cross motion seeking summary judgment dismissing the first cause of action, alleging that plaintiffs have an easement by express or implied grant over defendant's parcel. Defendant established as a matter of law that the dominant and servient parcels did not have a common grantor (*see Dichter v Devers*, 68 AD3d 805, 806-807), and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We also agree with defendant that the court erred in denying that part of his cross motion seeking summary judgment dismissing the third cause of action, alleging that plaintiffs are entitled to an award of sanctions pursuant to 22 NYCRR 130-1.1. " 'New York does not recognize a

separate cause of action to impose sanctions' pursuant to 22 NYCRR 130
- 1.1 (c)" and, in any event, defendant's conduct in defending the
action is not frivolous within the meaning of that rule (*Schwartz v
Sayah*, 72 AD3d 790, 792).  We therefore modify the order accordingly.

The court, however, properly denied that part of the cross motion
seeking summary judgment dismissing the second cause of action,
alleging that plaintiffs have a prescriptive easement over defendant's
parcel.  Defendant's own submissions raise triable issues of fact with
respect to that cause of action (*see Barra v Norfolk S. Ry. Co.*, 75
AD3d 821, 823-824; *cf. King's Ct. Rest., Inc. v Hurondel I, Inc.*, ___
AD3d ___ [Sept. 30, 2011]).  Finally, we conclude that the court did
not abuse its discretion in granting plaintiffs' motion insofar as it
sought a preliminary injunction, thereby preserving the status quo
pending a determination on the merits (*see S.P.Q.R. Co., Inc. v United
Rockland Stairs, Inc.*, 57 AD3d 642; *Moody v Filipowski*, 146 AD2d 675,
678).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court