Appeal from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 15, 2015, upon an order of that court dated June 25, 2015. The order, inter alia, denied that branch of the plaintiffs’ motion which was for summary judgment on so much of the first cause of action as sought a declaration that certain rights of first refusal held by the defendants Jonathan Smolian, Randy Smolian, and Darielle Smolian for two parcels of real property were void under the “stranger to the deed” rule, denied that branch of the plaintiffs’ motion which was for summary judgment on so much of the second cause of action as sought a declaration that the rights of first refusal required those defendants to match the terms of a contract of sale providing that the subject parcels be maintained as open space on the ground that the issue was not justiciable, and, in effect, upon searching the record, awarded summary judgment to the defendants Jonathan Smolian, Randy Smolian, and Darielle Smolian declaring that the stranger to the deed rule is not applicable and, thus, does not invalidate or render unenforceable the preemptive right of first refusal in favor of them that is contained in certain deeds, and that the plaintiffs are not free to convey the subject property without regard to that right of first refusal. The judgment, insofar as appealed from, is in favor of the defendants Randy Smolian, Jonathan Smolian, and Darielle Smolian, and against the plaintiffs, declaring that the stranger to the deed rule is not applicable and, thus, does not invalidate or render unenforceable the preemptive right of first refusal in favor of them that is contained in certain deeds and that the plaintiffs are not free to convey the subject premises without regard to that right of first refusal, and dismissing the second cause of action on the ground that there was no justiciable controversy.
 

 Ordered that the judgment is affirmed insofar as appealed from, with costs.
 

 In 1992 and 1997, respectively, the defendant Richard Smolian conveyed two vacant parcels of real property located in the Town of East Hampton to the plaintiffs, Alexander Peters and Sasfox Associates, LLC. The deed for each conveyance contained a right of first refusal in favor of Richard and his now former wife and two adult children, the defendants Randy Smolian, Jonathan Smolian, and Darielle Smolian, respectively (hereinafter collectively the defendants). Each right of first refusal obligated the plaintiffs to provide the defendants with written notice by certified mail “stating that the [plaintiffs] hafve] received a bona fide offer for the Land,” after which the defendants would have 10 days “to agree to purchase the land upon the same terms and conditions as specified in the offer.” Approximately 20 years later, in May 2014, the plaintiffs entered into a contract for the sale of the subject parcels with the Town. A second rider to the contract with the Town dated November 2014 provided, among other things, that the sale was being effected so that the parcels may be “maintained as open space” in accordance with Town Law § 64-e. Following execution of the contract with the Town, in October 2014, the plaintiffs attempted to obtain waivers of the rights of first refusal from Richard and the defendants without offering the subject parcels to them for purchase. Richard agreed to the waiver, but the defendants did not, and indicated that they wished to exercise their rights of first refusal and to purchase the subject parcels.
 

 The plaintiffs commenced this declaratory judgment action against Richard and the defendants in December 2014. In the first cause of action, the plaintiffs sought, inter alia, a declaration that the rights of first refusal in favor of the defendants were not valid under the “stranger to the deed” rule. In the second cause of action, the plaintiffs sought a declaration, in the alternative, inter alia, that the rights of first refusal required the defendants to match all of the “terms and conditions” of the contemplated sale to the Town, including the requirement that the subject parcels would be preserved as open space in accordance with the restrictions contained in Town Law § 64-e. Prior to discovery, the plaintiffs moved for summary judgment on their complaint. The defendants opposed the motion, arguing that they held valid rights of first refusal and that they were not obligated to match the Town’s intended use of the subject parcels in order to exercise those rights. In an order dated June 25, 2015, the Supreme Court, inter alia, denied that branch of the plaintiffs’ motion which was for summary judgment on so much of the first cause of action as sought a declaration that the rights of first refusal held by the defendants were void under the stranger to the deed rule and, in effect, upon searching the record, awarded summary judgment to the defendants declaring that the stranger to the deed rule is not applicable and, thus, does not invalidate or render unenforceable the preemptive right of first refusal in favor of the defendants, and that the plaintiffs are not free to convey the subject property without regard to the rights of first refusal. The order also denied that branch of the plaintiffs’ motion which was for summary judgment on so much of the second cause of action as sought a declaration that the defendants are required to preserve the subject parcels as open space in accordance with the contract of sale with the Town in order to exercise their rights of first refusal, on the ground that the controversy at issue was not justiciable. In a judgment dated July 15, 2015, the court, inter alia, made the subject declaration in the defendants’ favor and dismissed that portion of the second cause of action on the ground that the issue was not a justiciable controversy. The plaintiffs appeal from stated portions of the judgment.
 

 The Supreme Court properly denied that branch of the plaintiffs’ motion which was for summary judgment declaring that the rights of first refusal held by the defendants were not valid under the stranger to the deed rule. “[T]he long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so-called ‘stranger to the deed’, does not create a valid interest in favor of that third party” (Dichter v Devers, 68 AD3d 805, 807 [2009], quoting Matter of Estate of Thomson v Wade, 69 NY2d 570, 573-574 [1987]; see Tuscarora Club of Millbrook, N.Y. v Brown, 215 NY 543 [1915]). Contrary to the plaintiffs’ contention, a right of first refusal does not constitute a “reservation” falling within the ambit of that rule. A “reservation” is “always of something issuing, or coming out of, the thing or property granted, and not a part of the thing itself” (Borst v Empie, 5 NY 33, 38 [1851]; see Craig v Wells, 11 NY 315, 320 [1854]; Las-Daub Realty Corp. v Fain, 214 App Div 8 [1925]; 5-51 Warren’s Weed, New York Real Property § 51.01 [5th ed 2015]). In practice, a “reservation” refers to an interest that touches the land, such as a right to use, occupy, profit from, or enjoy the land being conveyed (see e.g. Loch Sheldrake Assoc. v Evans, 306 NY 297 [1954]; Tuscarora Club of Millbrook, N.Y. v Brown, 215 NY 543 [1915]; Borst v Empie, 5 NY 33 [1851]; Dichter v Devers, 68 AD3d 805 [2009]; Adirondack Park Agency v Bucci, 2 AD3d 1293 [2003]; Sganga v Grand, 1 AD3d 342 [2003]; Lechtenstein v P.E.F. Enters., 189 AD2d 858 [1993]; De Bourbon v Engelberg, 162 AD2d 872 [1990]; Matter of Bartholomew v Horan, 37 AD2d 643 [1971]). A right of first refusal, on the other hand, is a preemptive or contractual right to “receive an offer” (Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 60 [2003]; see Morrison v Piper, 77 NY2d 165, 170 [1990]; LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 60 [1989]). “[I]t is a restriction on the power of one party to sell without first making an offer of purchase to the other party upon the happening of a contingency: the owner’s decision to sell to a third party” (LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d at 60). Although a right of first refusal has been characterized as an interest in land (see Morrison v Piper, 77 NY2d 165 [1990]; Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156 [1986]), it is not the type of interest created by a reservation. Accordingly, the court properly determined that the rights of first refusal contained in the 1992 and 1997 deeds were not void under the stranger to the deed rule. In light of this finding, the court’s award of summary judgment to the defendants on this branch of the plaintiffs’ motion was also proper (see CPLR 3212 [b]).
 

 The Supreme Court also properly denied that branch of the plaintiffs’ motion which was for summary judgment declaring that the defendants are required to preserve the subject parcels as open space in accordance with the contract of sale with the Town in order to exercise their rights of first refusal, on the ground that the controversy at issue was not justiciable. Pursuant to CPLR 3001, “[t]he supreme court may render a declaratory judgment. . . as to the rights and other legal relations of the parties to a justiciable controversy.” “To constitute a ‘justiciable controversy,’ there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect” (Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2010], quoting CPLR 3001; see American Ins. Assn. v Chu, 64 NY2d 379, 383 [1985]; James v Alderton Dock Yards, 256 NY 298, 305 [1931]; TriState Sol-Aire Corp. v County of Nassau, 156 AD2d 555 [1989]). Here, the rights of first refusal obligated the plaintiffs to provide the defendants with written notice by certified mail “stating that the [plaintiffs] ha[ve] received a bona fide offer for the Land,” after which the defendants would have 10 days “to agree to purchase the land upon the same terms and conditions as specified in the offer.” While the plaintiffs have entered into a contract for the sale of the subject parcels, they have not yet provided the defendants with the required written notice or otherwise afforded them the opportunity to purchase the subject parcels (see Cipriano v Glen Cove Lodge #1458, 1 NY3d at 59-60; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 115 AD3d 829, 831 [2014]). Absent such notice and opportunity, the defendants are unable to exercise their rights of first refusal and purchase the subject parcels under the same terms and conditions as specified in the offer (see Cipriano v Glen Cove Lodge #1458, 1 NY3d at 59). Thus, what “terms and conditions” of the sale to the Town that the defendants would be required to match in order to exercise their right to purchase the property presents a “hypothetical, contingent or remote” controversy that may never occur (American Ins. Assn. v Chu, 64 NY2d at 383; see Chanos v MADAC, LLC, 74 AD3d 1007 [2010]; Downe v Rothman, 215 AD2d 716, 717 [1995]), and the controversy at issue was not justiciable.
 

 The plaintiffs’ remaining contentions either need not be reached in light of our determination or are without merit.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.