Garson v Tarmy (2020 NY Slip Op 06104)





Garson v Tarmy


2020 NY Slip Op 06104


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-00408
 (Index No. 61322/13)

[*1]Judith A. Garson, et al., respondents,
v
Barbara Tarmy, etc., appellant, et al., defendants.


Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Christopher Kelley of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York, NY (Victor M. Metsch and Jasmine S. Chean of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property pursuant to RPAPL 861 and for declaratory relief, the defendant Barbara Tarmy, individually and as executor of the estate of Gary B. Fradin, appeals from a judgment of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated December 5, 2016. The judgment, upon an order of the same court dated November 2, 2016, inter alia, denying that branch of the motion of the defendant Barbara Tarmy and Gary B. Fradin which was for summary judgment dismissing the cause of action for injunctive relief and granting that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action for injunctive relief, enjoined the defendant Barbara Tarmy and Gary B. Fradin from clearing, removing, or destroying trees from, or removing the tree canopy over, a walkway situated on the plaintiffs' real property.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the motion of the defendant Barbara Tarmy and Gary B. Fradin which was for summary judgment dismissing the cause of action for injunctive relief is granted, that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action for injunctive relief is denied, and the order dated November 2, 2016, is modified accordingly.
In the early 1970s, Ross O. Runnels, Jr., Walter R. Neville, and the Greer Marechal Jr., Foundation (hereinafter collectively Runnels & Partners), as tenants in common, created a residential subdivision located in Bridgehampton. The parcels known as Lots 1, 2, 3, and 4 are landlocked. The parcels known as Lots 6 and 7 abut a navigable waterway. Along the border of Lots 6 and 7 runs an easement consisting of a five-foot wide pedestrian walkway that links Sam's Creek Road to the waterway. The easement was made in favor of Lots 1, 2, 3, and 4, and burdens Lots 6 and 7. At the time of the commencement of this action, Lot 4 was owned by Barbara Tarmy and Gary G. Fradin (hereinafter together the defendants), and Lot 6 was owned by the plaintiffs.
As relevant to this appeal, Runnels & Partners conveyed Lot 6 to Runnels, individually, by a deed dated December 7, 1970, that made no reference to the easement over Lot 6. Runnels conveyed Lot 6 to Peconic Warehouse, Inc. (hereinafter Peconic), by a deed dated July 6, 1971 (hereinafter the 1971 deed). Runnels owned and operated Peconic by himself. Runnels [*2]thereafter conveyed Lot 6 to Peconic by a deed dated April 14, 1972, that reserved the easement for the owners of Lots 1, 2, 3, and 4 (hereinafter the 1972 deed). Peconic conveyed Lot 6 to the plaintiffs' predecessors in interest by a deed dated April 17, 1979, subject to the easement over the parcel.
Runnels & Partners conveyed Lot 4 with reference to the easement to a predecessor in interest of the defendants by a deed dated November 13, 1972. They deeded Lot 3 to Runnels, individually, subject to the easement by a deed dated November 17, 1971. Thereafter, Runnels conveyed Lot 3 together with the easement to two persons by a deed dated June 28, 1976.
Over the years, the easement fell into disuse. In May 2013, the defendants hired landscapers to clear the walkway of overgrown vegetation and other obstructions to render the easement traversable. The plaintiffs thereafter commenced this action against the defendants on June 13, 2013. They added the remaining parties as defendants in two subsequent amended complaints to enjoin the defendants from clearing the rest of the easement area. The second amended complaint asserted five causes of action, including a cause of action to permanently enjoin the defendants from clearing trees from the walkway. The defendants answered and asserted a counterclaim for a judgment declaring, among other things, their right to clear the walkway pursuant to the express easement.
By notice of motion dated November 17, 2015, the defendants moved, inter alia, for summary judgment dismissing the cause of action for injunctive relief, and the plaintiffs cross-moved, among other things, for summary judgment on the same cause of action by notice dated January 7, 2016. The issue at the heart of the parties' arguments was whether the easement was void at its inception under the "stranger to the deed" rule. By order dated November 2, 2016, the Supreme Court, inter alia, denied that branch of the defendants' motion and granted that branch of the plaintiffs' cross motion upon concluding that the easement was void under the stranger to the deed rule. The court thereafter entered a judgment dated December 5, 2016, upon the order dated November 2, 2016, enjoining the defendants from clearing, removing, or destroying trees from, or removing the tree canopy, over the walkway. The defendants filed a notice of appeal from the judgment. During the pendency of this appeal, Fradin died, and Tarmy, as the executor of his estate, was substituted for him. We reverse.
"'The construction of deeds is a matter of law'" (Hartmann v Harris, 136 AD3d 977, 978, quoting Blangiardo v Horstmann, 32 AD3d 876, 879; see Real Property Law § 240[3]). A corrective deed is valid and enforceable so long as it is delivered to and accepted by the grantee (see Real Property Law § 244; 43A NY Jur 2d Deeds § 188). Acceptance of the correction deed "is an admission that title to the property granted is in the grantor" (People v Tompkins-Kiel Marble Co., 269 NY 77, 82) but it also "terminate[s] any fee title which the grantee may have had under the first deed" (id. at 84). "[W]here a grantee obtains a deed of correction, placing limits to the grant which had previously been omitted, the last description is conclusive" (id. at 82; see Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d 769, 770).
Here, although the 1972 deed does not use the phrase "correction deed" or similar phrases, and it does not reference the 1971 deed or the prior conveyance, the 1972 deed is a deed of correction that superseded the 1971 deed (see Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d at 770). While the 1971 deed from Runnels to Peconic conveyed Lot 6 subject to unspecified "Declarations, Covenants and Restrictions of record," the deed was ambiguous as the meaning of that phrase is not immediately discernable from the four corners of the deed. The deed expressly identifies Lot 6 by reference to a map identifying an easement in favor of the Town of Southampton located in the same area as the subject easement such that might have been mistaken on the map for the subject easement. Less than three months after the 1971 deed to Peconic, Runnels conveyed the other servient lot, Lot 7, by a deed in which he also recited the easement for use by the owners of the dominant Lots 1, 2, 3, and 4.
The record in this case demonstrates that the intent behind the 1972 deed was to correct the omission of the easement from the 1971 deed (see id.; Hartmann v Harris, 136 AD3d at [*3]979). Like the 1971 deed to Lot 7, the 1972 deed recited the express easement grant over Lot 6 and similarly described the easement as a "five (5) foot pedestrian walk way" centered on the "division line between Lots Nos. 6 and 7" as depicted on a certain subdivision map, "which easement is reserved solely for pedestrian use of owners of Lots Nos. 1, 2, 3 and 4 in said subdivision."
Every other conveyance of a dominant or servient estate involving Runnels after 1971 mentions the easement and describes it as being in favor of Lot 4 and the other dominant parcels over the servient Lots 6 and 7.
Peconic accepted the 1972 deed subject to the easement (see People v Tompkins-Kiel Marble Co., 269 NY at 83-84; Real Property Law § 244; 43A NY Jur 2d Deeds § 188) and thereafter conveyed Lot 6 to the plaintiffs' predecessors in interest in 1979 by a deed with the easement clause. Accordingly, the 1972 deed was valid and controlling (see Episcopal Diocese of Long Is. v St. Matthias Nondenominational Ministries, Inc., 157 AD3d at 770).
"'"[T]he long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so called 'stranger to the deed,' does not create a valid interest in favor of that third party"'" (Peters v Smolian, 154 AD3d 980, 982, quoting Dichter v Devers, 68 AD3d 805, 807, quoting Matter of Estate of Thomson v Wade, 69 NY2d 570, 573-574). A reservation is "an interest that touches the land, such as a right to use, occupy, profit from, or enjoy the land being conveyed" (Peters v Smolian, 154 AD3d at 982; see Dichter v Devers, 68 AD3d at
807). "For an easement by grant to be effective, the dominant and servient properties must have a common grantor" (see Dichter v Devers, 68 AD3d at 807; Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc., 301 AD2d 488, 489; see 23 AM Jur 2d Deeds § 68).
We disagree with the Supreme Court's determination that the easement was void ab initio under the stranger to the deed rule (see Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc., 301 AD2d at 489). At the time Runnels granted the easement in the 1972 deed to Peconic, Runnels also owned Lot 3 individually and Lot 4 with his partners. Since the dominant Lots 3 and 4 and the servient Lot 6 shared a common grantor at the time the reservation was made, the stranger to the deed rule does not apply (see id.; cf. Dichter v Devers, 68 AD3d at 807).
The defendants' right of passage over the easement entails the right "to maintain it in a reasonable condition for such use" (see Schoolman v Mannone, 226 AD2d 521, 521-522). Accordingly, the Supreme Court should not have permanently enjoined the defendants from clearing or removing the trees and other obstructions from the area of the easement.
The parties' remaining contentions either are without merit or not properly before this Court.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court