Abruzzese v Pisacano (2026 NY Slip Op 00485)

Abruzzese v Pisacano

2026 NY Slip Op 00485

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-06440
 (Index No. 606507/23)

[*1]Doreen M. Abruzzese, etc., appellant,
vEthel Pisacano, respondent.

Victor A. Carr, Mineola, NY, for appellant.
Zimner Law, P.C., New York, NY (Jay B. Zimner and Neal S. Dobshinsky of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to certain real property and for related declaratory relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated March 22, 2024. The order denied the plaintiff's motion for summary judgment on the complaint, searched the record, and awarded summary judgment to the defendant, in effect, declaring that title to the subject real property was conveyed pursuant to a correction deed and not a prior deed.
ORDERED that the order is modified, on the law, by deleting the provision thereof searching the record and awarding summary judgment to the defendant, in effect, declaring that title to certain real property was conveyed pursuant to a correction deed and not a prior deed; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to certain real property located in East Marion (hereinafter the East Marion property) and for related declaratory relief. The defendant answered and asserted affirmative defenses and counterclaims, including a counterclaim pursuant to RPAPL article 15 to quiet title to the East Marion property. The plaintiff moved for summary judgment on the complaint. The defendant opposed the motion. In an order dated March 22, 2024, the Supreme Court denied the plaintiff's motion, searched the record, and awarded summary judgment to the defendant, in effect, declaring that title to the East Marion property was conveyed pursuant to a correction deed and not a prior deed. The plaintiff appeals.
To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the moving party must establish, prima facie, that it holds title or that the title claim of the nonmoving party lacks merit (see 150A 30 St. Trust, Israel Grossman Trustee v Barca Dev., LLC, 225 AD3d 646, 646).
The construction of deeds is a matter of law (see Garson v Tarmy, 187 AD3d 1149, 1151). "Every instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240[3]). "The intent of the parties is manifested by the language of the deed, and unless the deed is [*2]ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (D'Andrea v 3 Unqua Place, LLC, 222 AD3d 830, 830 [internal quotation marks omitted]). "Where the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances" (Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492).
Here, the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law since her submissions did not eliminate triable issues of fact. The deed through which the plaintiff claims title to the East Marion property is ambiguous on its face (see id.), and the plaintiff's submissions in support of her motion failed to eliminate triable issues of fact regarding this ambiguity (see D'Andrea v 3 Unqua Place, LLC, 222 AD3d at 831). Further, the plaintiff's submissions raised triable issues of fact as to delivery and acceptance of a subsequent correction deed (see Dingle v Glass, 247 AD2d 507, 507-508; Diamond v Wasserman, 8 AD2d 623). Since the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion for summary judgment on the complaint, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court, however, should not have searched the record and awarded summary judgment to the defendant. The record does not establish that the defendant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320). Triable issues of fact exist, precluding judgment as a matter of law in the defendant's favor, regarding, inter alia, delivery and acceptance of the correction deed through which the defendant claims title to the East Marion property.
We modify the order accordingly.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court